CROSS v. THE DISTRICT TOWNSHIP OF DAYTON.

1. ACTION AGAINST SCHOOL DISTRICT. An action may be maintained against a School District on an order drawn by the proper officer on the Treasurer thereof. The creditor of a corporation is not restricted to *mandamus* as his sole remedy.

*Appeal from Iowa District Court.*

WEDNESDAY, OCTOBER 15.

PLAINTIFF declares upon the following instrument:
"$347.78.                              "*April* 8, 1861.
" To FRANKLIN MUSSETTER, Treasurer of District Township of Dayton:

" Pay B. N. Cross, or order, the sum of three hundred and forty-seven and $\frac{78}{100}$ dollars out of the school-house fund, for labor performed and material furnished in the erection of a school-house in sub-district number seven, formerly of District Township of Dayton, in the county of Iowa, and State of Iowa, as per contract made with John

Cross v. The District Township of Dayton.

Zimmerman, former president of said District Township on the 12th day of November, 1859.

"A. T. CROSS, *President.*"
"Attested, J. G. BERSTLER, *Secretary.*"

The petition avers and shows that this warrant had been presented for payment, and payment refused for want of funds. Demurrer to petition overruled, and from this ruling defendant appeals.

*J. D. Templin* for appellant.

*Martin & Driver* for appellee.

WRIGHT, J.— The causes of demurrer assigned, were: 1. That defendant by drawing and delivering the instrument sued on, paid and satisfied plaintiff's claim, in the manner required by law. 2. That plaintiff's remedy is by *mandamus* to enforce the levy of a tax, and that he cannot have judgment as for a money demand to be enforced by execution.

To sustain this demurrer, we are referred to § 2095 of the Revision, as follows: "When a judgment has been obtained against a school district, it shall be the duty of the board of directors to pay off and satisfy the same from the proper fund by an order on the treasurer of the district; and it shall be the duty of the district meeting, at the time for voting a tax for the payment of other liabilities of the district, to provide for the payment of such order or orders."

We are very clear that this section does not sustain appellant's position. To begin with, it clearly contemplates the right of a creditor to a *judgment* against a school district. Then, the meaning is not that the *order* contemplated is payment or satisfaction of the judgment or debt, but that this order is to be used as a means of drawing the money from the proper depository, which, when drawn

and applied, operates as satisfaction.  It would be singular legislation, indeed, that would compel a party to take the note of a corporation in payment of a judgment—or, in other words, that would compel him to surrender and satisfy his higher security for a mere promise to pay issued and delivered without his knowledge or consent.

As to the right of the party to a *mandamus*, it is sufficient to say that he is not compelled to resort to that process.  The district is liable to be sued, like any other corporation, and if the judgment recovered is not paid, property liable to execution may be levied upon and sold.  That the district might be compelled by *mandamus*, before or after judgment, to levy and collect a tax, and place the same in the treasurer's hands, to pay the debt, is no defense to the action.  Such remedy is not exclusive.

The suggestion that the judgment is by default after an appearance, and therefore erroneous, is not sustained by the record.  It appears that after the demurrer was overruled, "defendant made no further answer," &c.  All that is said about a default afterwards, is to be taken in connection with the facts as they existed and thus shown by the record.

Affirmed.