## CLARK, DODGE & CO. v. THE CITY OF DAVENPORT.

1. MUNICIPAL TAXATION. A municipal corporation can exercise the power of taxation only when expressly conferred by the Legislature.

2. SAME: CITY OF DAVENPORT. Under § 1, art. 5, of the charter of the city of Davenport, the power to levy taxes is restricted or limited to one-half per cent upon the assessed value of all taxable property in said city; and by § 8 of the amended charter of 1855, an additional tax may be levied, sufficient to pay the semi-annual interest on the indebtedness created before January 22d, 1855, when the ordinary revenue of the city is insufficient for the payment of the ordinary expenses of the municipal government and such interest; but the city council is not empowered to levy more than one-half per cent to defray the ordinary expenses of the municipal government and pay the interest on indebtedness created after the 22d day of January, 1855.

3. SAME: STATUTE CONSTRUED. Section 3275 of the Revision of 1860, does not confer upon such corporations the power to levy taxes where such power is not otherwise conferred by law.

Clark, Dodge & Co. v. The City of Davenport.

4. CONSTRUCTION OF GRANTS OF POWER. Any doubt or ambiguity arising out of the terms used by the Legislature in making a grant of power to a municipal corporation, must be resolved in favor of the public; and a power cannot be exercised where it is not clearly comprehended within the words of the act, or derived therefrom by necessary implication.

*Appeal from Scott District Court.*

WEDNESDAY, APRIL 8.

MANDAMUS. The petition alleges that the plaintiffs recovered a judgment against the defendant in the District Court of Scott county, on the 14th day of February, A. D. 1860, for the sum of two thousand one hundred and sixty-four dollars; that $2,100 of said judgment was for interest on the bonds of said city, issued prior to January 22d, 1855; that four executions had been issued thereon, and returned *nulla bona;* "that by the laws of this State, in relation to said city, it was the duty of the Mayor and Aldermen of said city, before said judgment was rendered to levy a specific tax to pay so much of said judgment as was for interest on bonds issued prior to January 22d, 1855; and upon the rendition of said judgment it became the duty of said Mayor and Aldermen to levy, and of their marshal to collect and place in their treasury a tax sufficient to pay all of said judgment, interest and costs as soon as practicable." After a demurrer to the petition was overruled, the defendant answered, denying that it was the duty of the Mayor and Aldermen, before such judgment was rendered, to levy a specific tax for the payment of so much of said judgment as if it was interest on bonds issued prior to January 22d, 1855; and alleges that the power to levy taxes conferred by the city charter is limited to one-half per cent upon the assessed value of all the property in said city, excepting that when there is a deficiency in the ordinary revenue of the city, after the payment of the ordinary city expenses, to pay the semi-annual interest on the

debt created prior to the 22d of January, A. D. 1855, the city council shall levy a specific tax upon the assessment roll of the current year to pay said interest; that since the obtaining of the said judgment, the city council have each year levied one-half per cent upon all the taxable property of said city, and have paid the plaintiff divers large sums to be applied thereon; that the plaintiff did not take a separate judgment for the interest which accrued on the indebtedness contracted prior to January 22d, 1855; and that it is not now in the power of the defendant to separate it; that the said city council have acted in good faith; that they have levied, for the year 1862, a tax of one-half per cent on the assessed value of all property in the city; and that there will be a surplus over and above the amount needed to defray the necessary expenses of the city, sufficient, or nearly sufficient, to pay all judgments against the defendants; and that such surplus will be so applied.

To this answer the plaintiff demurred. The court sustained the demurrer to the allegations of the answer as to the interest due on the bonds issued prior to the 22d of January, 1855, amounting to $2,100; and overruled it as to the remainder of the answer. Judgment was rendered in accordance with the ruling upon the demurrer, granting a peremptory writ of mandamus, commanding the Mayor and Aldermen to levy and collect a specific tax, and place the same in the treasury of said city to pay said sum of $2,100, interest on said bond debt created prior to January 22d, 1855, and interest thereon at six per cent from the date of said judgment, and the costs of this suit. The plaintiff appeals.

*Grant & Smith* for the appellants, relied upon *Clark, Dodge & Co.* v. *The City of Davenport*, 12 Iowa, 342.

*D. L. Shorey*, City Solicitor, for the appellee, cited Art. 1, § 5, City Charter; § 4, Amended Charter of 1857; § 8,

Amended Charter, 1855; *Kemper et al.* v. *McClelland's, Lessee,* 19 Ohio, 308; *Minturn* v. *Larue,* 23 How., 435; *Sharp* v. *Speir,* 4 Hill, 76; *Sharp* v. *Johnson,* Id., 92; *Fitch* v. *Pinckard,* 4 Scam., 70; *Mays* v. *Cincinnati,* 1 Ohio S., 273; *Doe* v. *Chunn,* 1 Blackf., 336.

BALDWIN, C. J.— This cause is similar to the one between the parties which is reported in 12 Iowa, 335.

The plaintiffs filed their petition for a writ of mandamus to compel the levy of a specific tax to pay a judgment rendered against the city of Davenport, on the 14th of February, 1860, which was for interest on bonds issued by the city. Two thousand one hundred dollars of this judgment was for interest on bonds issued prior to the 22d day of January, 1855. Executions have been issued on said judgments and returned *nulla bona.* It appears that a portion of the judgment has been paid; that at the commencement of this suit there was upwards of $6,000 due. The defendant answered, and among other defenses sets up, that the city has no authority under its charter to levy and collect a tax greater than one-half of one per centum per annum, excepting a specific tax to pay interest on bonds issued prior to January 22d, 1855; and that the city had already levied a tax of one-half of one per centum on the assessed value of the property of said city for 1862.

To this answer the plaintiffs demur, in effect that the levy of one-half of one per centum is no bar to plaintiffs' rights; and that the plaintiffs have the right to a writ to compel a specific tax to pay interest on bonds issued subsequent as well as prior to 1855.

Upon the issue thus made, the court below held that under the ruling of this court, in the case in 12 Iowa, the plaintiff was entitled only to a specific levy for $2,100, which is the amount alleged to have accrued for interest on the bonds issued prior to January 22, 1855.

The main point of controversy in the case is, whether the plaintiffs, under the averments in the answer, are entitled to a specific levy to pay the full amount of the balance of the judgments, this balance being for other bonds than those issued prior to January 22, 1855. It is a well settled principle that a municipal corporation, such as the defendant, cannot exercise the power or right of taxation unless such power is expressly given to it by the Legislature. This is the doctrine recognized by this court in 12 Iowa, 545, where it is said: "That no property can lawfully be taxed until the Legislature authorizes and requires it to be done; and, when the act requires it to be done in a particular way, that way alone can be pursued." Says Kent, in his Commentaries, p. 299, vol. 2: "As corporations are the mere creatures of the law, established for special purposes, and derive all their powers from the act creating them, it is perfectly just and proper that they should be obliged strictly to show their authority for the business they assume, and be confined in their operations to the mode and manner, and subject matter prescribed."

"Corporate acts must not only be authorized by the charter, but these acts must be done by such officers or agents, and in such manner as the charter authorizes." TANEY, C. J., in the *Bank of Augusta* v. *Earle*, 13 Peters, 585. The power of the city to levy and collect a tax is prescribed by § 1, of Art. 5, of the City Charter. By this it is provided that "the city council shall have power and authority to levy and collect taxes upon all taxable property, real, personal and mixed, within said city, not exceeding one-half of one per centum per annum upon the assessed value thereof." Section 8, of the Amended Charter, 1855, provides: "That whenever there is a deficiency in the ordinary revenue of the city, after payment of the ordinary city expenses, to pay the semi-annual interest on the debt already created, the city council shall levy a spe-

cific tax upon the assessment roll of the current year to pay said interest." It was under this express power that the court below recognized the right of plaintiff to have the defendant compelled to levy a specific tax to pay that portion of the judgment which was for interest on the bonds issued prior to January 22, 1855; and we think that the power is therein fully conferred. This legislation was evidently designed to meet this very character of indebtedness.

. The two sections of the city charter, as above cited, contain all the powers conferred by the Legislature to levy a tax to meet such an indebtedness as plaintiffs. If it be conceded as true that a corporation can exercise this right of taxation only in such a manner as is authorized by the power which created it, and we think this point is fully settled by the authorities, then the defendant has not the power under its charter to levy a special tax exceeding one-half per centum per annum on the assessed value thereof. The grant which confers the power contains the limitation. Being thus restricted, how could its officers levy a tax which they had no authority to levy?

It is claimed in argument, however, that by § 3275 of the Revision of 1860, the court is authorized to direct a writ to issue, commanding the levy of a special tax. This section provides that "in case no property is found on which to levy, which is not exempted by the last section, or if the judgment creditor elect not to issue execution against such corporation, he is entitled to the amount of his judgment and costs in the ordinary evidences of indebtedness issued by that corporation. And if the debtor corporation issues no scrip or evidences of indebtedness, a tax must be levied as early as possible."

This section is found in the Code of 1851, in a general statute relating to executions. It applies to all corporations as organized under the general statute, passed at the same time this provision was. This law was passed, however,

when there was a constitutional provision in force, which prohibited the creation of corporations by special legislation, except for political and municipal purposes. It was under this constitution that the charter of the defendant was granted. The defendant is a municipal corporation, and was created by a special law, could not constitutionally exist except by special legislation, and if not, no statute, general in its provisions, could apply to it, or regulate, or control its powers.

If this general provision would control the defendant, why the necessity of an amendment to its charter, giving it the power to levy a special tax to meet the interest on bonds issued prior to January, 1855? This section occurs incidentally in the chapter in relation to executions. It does not purport to be an amendment to the charter of defendant; nor does it specifically relate to corporations for city purposes. It does not clearly confer upon the defend ant any such grant of power as would justify a levy of a special tax. As is pertinently asked by the court below : "Suppose the city charter contained no power to levy and collect a tax, would this section give the power to do it? It is too vague, indefinite and barren. Upon what property, in the case supposed, would the tax be levied? By whom collected? How would it be collected?"

It is a well settled rule of construction of grants by Legislatures to corporations, whether public or private, that only such powers and rights can be exercised under them, as are clearly comprehended within the words of the act, or derived therefrom by necessary implication, regard being had to the objects of the grant. Any doubt or ambiguity arising out of terms used by the Legislature must be resolved in favor of the public. *Minturn* v. *Lame*, 23 How., 435.

It is claimed by the counsel of appellant that the decision of the court in the case in 12 Iowa, 335, sustain the position now taken by them, and under that ruling the relator is

entitled to his peremptory writ as prayed for. It will be seen by reference to the opinion that the court was not advised by the record in that case of the nature of the bonds, coupons, or interest notes referred to; or, in other words, whether the judgment was obtained upon coupons of bonds issued prior or subsequent to the amended charter of 1855. It is said in the opinion, that "if these bonds are part of the debt 'already created,' as designated by § 8, above quoted, then it was clearly the duty of the city council to levy a specific tax to pay the semi-annual interest, if there was any deficiency in the ordinary revenue after paying the ordinary expenses. * * * If, however, the bonds issued after that time, and there was nothing in the vote authorizing their issue, or in the bonds themselves, obligating the city to make a specific levy, then the duty was not by these sections imposed, and its performance could not be compelled."

We think the ruling of the court below was not contrary to the doctrine of this opinion, but is authorized thereby.

Affirmed.