The State for the use, etc. v. Smith *et al.*

1. **Municipal corporation: POWER TO LICENSE: CONSTRUCTION OF GRANT.** A municipal corporation can exercise no power of taxation unless it be expressly conferred upon it, or the exercise of it is absolutely necessary to carry into effect some other power expressly granted.

2. —— A clause in a city charter authorized the city "to license, tax and regulate auctioneers, peddlers and traveling merchants, grocers, merchants, retailers, hotel keepers and keepers of livery stables, of eating-houses, boarding-houses, saloons and places of amusement, bankers, dealers in money, warrants, notes, and other evidences of indebtedness, and *works of all kinds.*" "*Held,* that the city was not thereby authorized to impose a license on insurance agents.

3. —— Any doubt as to whether a power has been conferred, or ambiguity arising out of terms used by the legislature, must be resolved in favor of the public.

*Appeal from Dubuque Circuit Court.*

MONDAY, JUNE 12.

ACTION brought originally before a justice of the peace, to recover a penalty for the violation of an ordinance of the city of Dubuque. Judgment was rendered for plaintiff, which, upon appeal to the circuit court, was affirmed. Defendants appeal to this court.

*S. M. Pollock* for the appellants.

*E. McCeney* for the appellee.

BECK, J. — An ordinance of the city of Dubuque, passed July 14, 1870, contains the following provisions:

\*          \*          \*          \*          \*          \*          \*

"SEC. 2. That no person shall, within the limits of said city, act as the agent of any insurance company, or solicit insurance for any such company unless duly authorized so to do by a city license issued for that purpose; and any person who shall violate the provisions of this section shall forfeit and pay to the city the sum of not less than $10 nor more than $100.

"SEC. 3. Whenever any person shall make application to the city recorder for a license to act as the agent for any insurance company, and shall deliver to him a receipt of the treasurer for the sum of $10, paid for that purpose, said recorder shall issue a license in the usual manner, authorizing the carrying on of such business within the city, and shall state therein the company for which he may act; provided, that when any one person represents more than one company, he shall pay said sum and procure a license for each of said companies, and each license shall be separate, and shall contain only the name of the company to which it is intended to apply."

\*          \*          \*          \*          \*          \*          \*

The defendants are insurance agents doing business in the city of Dubuque, and together, as a firm, represent the Ætna Insurance Company. They failed to comply with the requirements of the ordinance, and neither applied for nor took out license under its provisions. For such violation of the ordinance, they were in this action fined in the sum of $10.

The defendants contend that the proceeding and judgment against them are unauthorized by law, because the city, under its charter, has no authority to enact the ordinance in question. This is the only point presented in the case which we find it necessary to determine.

It is not and cannot be claimed that the power to impose the tax in question is necessary to carry into effect some other power expressly delegated to the city by its charter. We must look to the charter, then, for some express grant of the authority which the city under the ordinance seeks to exercise, for it is a well-settled doctrine that a municipal corporation can exercise no power of taxation unless it be expressly conferred by the legislature, or be absolutely necessary in order to carry out some other power expressly conferred. *Clark, Dodge & Co. v. The City of Davenport*, 14 Iowa, 494; *The City of Davenport v. The M. & M. R. Co.*, 12 id. 539; *Minturn v. Lane*, 23 How. 435; *Beaty v. Knowles' Lessee*, 4 Pet. 152.

It is insisted by plaintiff that the power in question is delegated to the city in express terms by paragraph 18, section 7, of its charter, being chapter 210 of the acts of the sixth general assembly. This provision is relied upon as a grant of the power which is sought to be exercised under the ordinance above set out. The city is therein authorized, "To license, tax and regulate auctioneers, peddlers and traveling merchants, grocers, merchants, retailers, hotel-keepers, and keepers of livery stables, of eating-houses, of boarding-houses, saloons and places of amusement, and bankers, dealers in money, warrants, notes, and other evidences of

indebtedness, and *works of all kinds.*" The power, it is claimed, is conferred by the last four words of the paragraph just quoted, taken in connection with the context. The city is thereby authorized to "license and tax * * * works of all kinds," or to "license and tax * * * dealers * * * in works of all kinds."

Without attempting to give the meaning of this language, we express the very positive conviction that it does not apply to and describe insurance agents or insurance brokers. We know of no such use of our language as will permit them to be described by the general expression of "dealers in works of all kinds," or their business to be included in the general expression "works of all kinds." The language conveys no idea either to the common or legal mind associated with the business of insurance agents, and we know of no rule of interpretation that authorizes us to extend it to persons engaged in such business. We cannot presume that the legislature intended to authorize a tax to be levied upon a business or persons pursuing it, by the use of terms never before used to express such an idea. We do not entertain a doubt that the words of the charter were *not* intended to describe the business of insurance agents.

At all events, no one will claim that the language can be applied to that class of persons without a doubt, and, if used in that sense, that it is free from ambiguity. This court has held that, in construing such legislative grants of power, "any doubt or ambiguity arising out of terms used by the legislature must be resolved in favor of the public." *Clark, Dodge & Co.* v. *The City of Davenport,* 14 Iowa, 494, 500. Applying this rule to the case we would be compelled to hold against the existence of the power in the city to enact and enforce the ordinance in question.

Reversed.