# Case No. 1,907.

## BRITTON v. PLATTE CITY.

### [2 Dill. 1.][1]

### Circuit Court, D. Missouri. 1871.

MUNICIPAL CORPORATIONS — MODE OF ENFORCING JUDGMENTS—MANDAMUS TO COLLECT TAX—CONSTRUCTION OF GENERAL ACT AND SPECIAL CHARTER AS TO RATE OF TAXATION.

1. Under the General Statutes of Missouri a judgment creditor of a municipal corporation where an execution has been returned unsatisfied is entitled to a writ of mandamus to compel its officers to levy and collect, under the direction of the court which rendered the judgment, a special tax to pay such judgment and costs.

2. This power and duty on the part of the municipality is not restricted by a provision in the charter of a city, authorizing it to levy for ordinary municipal purposes a general tax not exceeding a specified rate.

[Distinguished in Beaulieu v. Pleasant Hill, 14 Fed. 225.]

[See U. S. v. Burlington, Case No. 14,687.]

[At law. Zenas E.] Britton obtained judgment in this court, November 5, 1870, for $8,458, damages and costs, against the corporation named "The Inhabitants of the Town of Platte City," in an action on the case for injuries received by reason of a defective sidewalk of the city. An execution was issued November 29, 1870, and on December 15, 1870, it was returned nulla bona. Whereupon, this application for a writ of mandamus was made on the 29th day of June, 1871, against the respondents, the trustees of said corporation. An alternative writ was issued returnable to this term. The city by its trustees return to the writ, in substance, that by its charter the city is authorized to levy a tax not exceeding one-half of one per cent. per annum; that the assessed value of all the taxable property of the city does not exceed $200,000; that a tax of one-half of one per cent. as well as the poll tax authorized by the charter has been already levied and is being collected with a view to pay the judgment of the relator, which will yield not to exceed $1,000. To this return the relator demurs. [Demurrer sustained.]

The several charters and laws applicable to the present inquiry are as follows: Act of February 3, 1853 (Laws 1853, p. 61), incorporating the town of Platte City. By the seventeenth section the act is made a public act; by the first section the corporation may sue and be sued. Sec. 9: "The said board of trustees shall have power by ordinance to levy and collect not exceeding fifty cents in any one year on all white male inhabitants of the town over the age of twenty-one years; also to levy and collect taxes on all real and personal property within the limits of said town, not exceeding one-half of one per cent. upon the assessed value thereof."

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

By an amendatory act, approved January 14, 1860 (Laws 1859–60, p. 379), it is provided: "The board of trustees shall have power to levy and collect taxes on all real and personal property within the limits of said town, not exceeding five per cent. on the assessed value thereof; provided, a majority of the legal voters of said town of Platte City shall so instruct the board of trustees, either by petition or by an election regularly held for that purpose each year, that a levy exceeding one-half of one per cent. upon the assessed value of the taxable property in said town is levied." By Gen. St. Mo. 1865, c. 160, § 10, p. 641, it is provided that "all court-houses, jails, clerks' offices, and other public buildings and the lots of ground on which they stand, shall be exempt from attachment and execution when owned by the county in which they are situate, or any municipal corporation therein." And in the same chapter, in section 77, p. 650, it is provided: "Whenever an execution issued out of any court of record in this state against any incorporated town or city shall be returned unsatisfied in whole or in part, for want of property whereon to levy, such court, at the return term or any subsequent term thereof, may, by a writ of mandamus, order and compel the chief officer, trustees, council, and all other proper officers of such city, or town, to levy and assess and collect a special tax to pay such execution and all costs. Sec. 78 The court shall determine the time within which the levy and collection of such tax shall be made, and shall make all necessary orders to secure the prompt and speedy payment of such debt. Sec. 79. Any officer or officers of any such town or city failing, refusing, or neglecting to comply with any such order of court, shall be deemed guilty of a misdemeanor, and shall be fined and imprisoned as for a contempt of court." The judiciary act, 1789, section 14 [1 Stat. 81], confers upon the United States circuit courts the power to issue writs of mandamus: "That courts of the United States shall have power to issue writs of scire facias, habeas corpus, and all other writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeably to the principles of the common law."

Noble & Hunter, for relator.
Sharp & Broadhead, for the city.

Before DILLON, Circuit Judge, and TREAT and KREKEL, District Judges.

DILLON, Circuit Judge. The substantial question argued and which counsel wish to have decided is, whether the city has the power to levy or can be compelled to levy any other than the general tax of one-half of one per cent. The city maintains that this is the limit of its power, and that having already levied this tax to the full extent of the charter rate, it has discharged its duty and its whole duty, and cannot therefore legally be compelled to do more. On the other hand, the relator claims that under the provisions of the general statutes of the state mentioned in the statement of the case, he is entitled upon the return, to an order commanding the city "to levy, assess, and collect a special tax" to pay his judgment and costs. That the general statute applies to this city has not been denied; but it is insisted by the counsel for the city that it does not enlarge its taxing power as prescribed and contained in its charter. If the charter stood alone and contained a fixed limitation on the rate of the only taxation authorized, it might be true that the rendition of judgments for torts could not have the effect to enlarge the taxing power or abrogate the restriction on that power contained in the charter. But that is not this case. Here the charter provides for a general tax for ordinary municipal purposes, and the general statutes provide in addition a special remedy for judgment creditors, to-wit: a special tax to be levied and collected under the direction of the court of record which rendered the judgment. Gen. St. 1865, c. 160, §§ 77, 78. When it is considered that this is a special tax, that it is to be levied and collected under the order of the court, it is clear that it is a tax other and different than the general tax provided for in the charter.

It is admitted that the power to tax or to authorize the levy of taxes must be plainly conferred. But when, as here, the legislature has in terms enacted that the court may "order and compel" the officers of a city "to levy and collect a special tax" for a specified purpose, and makes it criminal in them to neglect or refuse to do so, the authority to execute the order is clearly granted. The intention of the legislature that a tax might be levied is very much more clear than in the cases from Iowa to which reference has been made. U. S. v. Burlington [Case No. 14,687]; Clark v. Davenport, 14 Iowa, 404; Butz v. Muscatine, 8 Wall. [75 U. S.] 580. The demurrer to the return is sustained and a peremptory writ ordered. Judgment accordingly.

NOTE [from original report]. As to charter limitations on the rate of taxation, see cases cited, Dill. Mun. Corp. § 107. Mandamus, as a mode of compelling public and municipal corporations to perform their duties towards their creditors: See Knox Co. v. Aspinwall, 24 How. [65 U. S.] 376; U. S. v. Johnson Co., 6 Wall. [73 U. S.] 166; Dill. Mun. Corp. § 685 et seq.; Welch v. Ste. Genevieve [Case No. 17,372]; U. S. v. Treasurer of Muscatine Co. [Id. 16,538]. The circuit court of the United States has no power under the judiciary act to issue the writ of mandamus as an original proceeding, but only as ancillary to a jurisdiction already acquired; and hence, creditors must first obtain judgment on their debt, and then the court in proper cases may issue the writ (which is in the nature of an execution) to enforce the levy of a tax to pay the judgment. County of Bath v. Amy, 13 Wall. [80 U. S.] 244; U. S. v. Johnson Co., 6 Wall. [73 U. S.] 166.