BOYNTON v. THE DISTRICT TOWNSHIP OF NEWTON.

DODGE v. THE SAME.

1. **Mandamus: AGAINST SCHOOL DISTRICT OFFICERS.** The directors of a school district township, on their refusal to levy a tax for the payment of a judgment recovered against it, may be compelled thereto by mandamus, the electors of the district having failed and refused to provide therefor, by voting the necessary tax. Section 3275 of the Revision applies as well to school districts as to other civil corporations.

2. ——— That the board of directors have, under section 79, chapter 172, Laws of 1862, issued an order on the treasurer of the district for the amount of the judgment, does not change the rule above stated. The order thus issued does not operate as a satisfaction until paid.

*Appeal from Carroll Circuit Court.*

THURSDAY, JULY 25.

ACTIONS of mandamus. These two cases grew out of similar facts, and involve the same principles.

The petitions allege the recovery of a judgment against defendant, in favor of Boynton for the sum of $2,086, and costs; and in favor of Dodge for $3,600.94, and costs; that executions upon said judgments have been issued and returned unsatisfied, no property being found on which to levy; that the board of directors of defendant issued to plaintiffs, judgment orders on said judgments; that it then became the duty of the electors of said district township to levy a tax sufficient to satisfy said judgment orders, but that, although demand was duly made upon them at their March meeting, A. D. 1871, they utterly failed and refused to make such levy; that it then became the duty of the board of directors of said corporation to make such levy; that demand was served on defendants

in the month of May, A. D. 1871, that they, as officers of such corporation, should levy a tax sufficient to pay said judgments, and they neglected and refused to do so; that the defendants are the officers of the district township of Newton, authorized by law to levy and collect taxes on behalf of said corporation; that the plaintiffs are the owners of the judgments, and that they sustain damage by the non-performance, on the part of defendants, of such duty.

The petitions pray peremptory writs of mandamus directed to defendants and their successors in office, commanding the performance of said duty.

To these petitions the following demurrer was filed:

*First.* The board of directors, these defendants, have no power to levy any tax except for contingent and teachers' funds, and plaintiffs' petition does not show that his judgment was rendered on the evidences of indebtedness against either or both of said funds, but, on the contrary, the judgments of plaintiffs, and the records thereof, show that the same were rendered upon the ordinary evidences of indebtedness of the school-house fund.

*Second.* No tax can be collected in the district township of Newton, aforesaid, until the same shall first have been voted by the electors of the district, at the annual district township meetings, in March of each year, except for debts contracted prior to April 8, 1862. And plaintiffs' petitions show that no tax was voted at the March meeting for the year 1871, to pay plaintiffs' judgments; and that plaintiffs' judgments are based upon indebtedness contracted subsequent to the year 1862.

*Third.* Ten mills on the dollar is the maximum tax allowed by law to be voted by the electors of any district township, for school-house purposes, for any one year on all the real and personal property of the district township; and it is nowhere shown that the electors did not vote such maximum tax for the year 1871.

The court overruled the demurrer, and defendants excepted, refused to further plead, and elected to stand upon the demurrer. Thereupon the court ordered that a peremptory writ of mandamus issue against the defendants, the board of directors of the district township of Newton, and their successors in office, commanding the levying of a tax as prayed.

Defendants appeal, and assign the following error: "The court erred in overruling the demurrer and rendering judgment against the appellant, because the board of directors of a school-district township has no power to levy any tax to pay a judgment warrant, nor has such board any power to levy any tax to pay indebtedness contracted upon the school-house fund."

*Isaac Cook* and *N. M. Hubbard* for the appellant.

*Manning & Hastings* for the appellee.

DAY, J. — Preliminary to a consideration of the questions raised by the demurrer, is proper to remark that the petitions for mandamus do not show that the judgments were rendered upon the ordinary evidences of indebtedness of the school-house fund or upon indebtedness contracted subsequent to the year 1862, as assumed in the first and second assignments of the demurrer. Upon both these questions the petitions are entirely silent. It is true the abstract sets out what purports to be copies of the petitions upon which these judgments were obtained. But these are in no manner referred to in the petitions for mandamus and form no part of them. Hence no fact appearing in those petitions can be interpolated into the petitions for mandamus, and then made a ground of demurrer thereto. But, in the view which we take, it is immaterial upon what consideration or when the indebtedness arose. A judgment has been obtained, to the justness or legality of which no objection is made. Execution

has issued thereon and been returned unsatisfied, there being nothing found on which to levy. The electors have been requested to levy a tax to discharge it, and they have neglected to do so. The same demand has been made of the directors of the district townships, and with like results. Is there, then, any mode in which plaintiffs can enforce the payment of their concededly just judgments, or must they, as intimated in the argument of appellant, await the sense of honor and justice of the electors of the district and leave the payment of the judgment simply to their option? This is the question which the present record submits for our determination. Section 5, chapter 172 of the laws of the ninth general assembly, provides, that every school district which is now, or may hereafter be organized in this State is made a body corporate. Section 3274 of the Revision provides, that public buildings owned by the State or any county, city, school district or other civil corporation * * * are exempt from execution.

Section 3275 is as follows: "In case no property is found on which to levy, which is not exempted by the last section, or if the judgment creditor elect not to issue execution against such corporation, he is entitled to the amount of his judgment and costs, in the ordinary evidences of indebtedness issued by that corporation. And if the debtor corporation issues no scrip or evidences of debt a tax must be levied as early as practicable sufficient to pay off the judgment, with interest and costs." We know of no reason why these provisions are not applicable to a school district township, equally with any other corporation. Section 3274 specifically names school districts, in the enumeration of corporations whose public buildings are exempt from execution, and section 3275 again includes them in providing the course to be pursued if no property is found on which to levy, or the judgment creditor elect not to issue execution against such corporation. The language of these sections is clearly broad enough to

include all corporations. If these provisions apply to a school district township, the duty is by law imposed upon the officers representing it to levy a tax for the payment of a judgment recovered against it, when no property can be found on which to levy, and a performance of this duty may be enforced by mandamus. Rev. of 1860, § 3761. Appellants, however, claim in argument that the electors are the only power that can levy the tax, and concede that the result of the construction by them claimed may leave the plaintiffs without any remedy to enforce their judgments, other than the voluntary action of the electors of the district. If this is the only reasonable and natural construction which can be placed upon the law, no court should hesitate so to declare. Yet we feel, that before giving our sanction to such a doctrine, we should examine carefully the foundation upon which it rests, as all experience teaches that a creditor cannot, with much advantage to his pecuniary interests, rest upon the mere generosity of his debtor, especially when that debtor is a corporation of which each individual can cast the odium of repudiation upon his less conscientious neighbor. Appellants cite section 79, chap. 172, laws ninth general assembly, which is identical with section 2095, Revision of 1860, and reads as follows: "When a judgment has been obtained against a school district, it shall be the duty of the board of directors to pay off and satisfy the same, from the proper fund, by an order on the treasurer of the district; and it shall be the duty of the district meeting, at the time of voting a tax for the payment of other liabilities of the district, to provide for the payment of such order or orders."

Orders were drawn in favor of plaintiffs pursuant to the provisions of this section. This order does not operate as payment of the judgment. It is to be used merely as a means of drawing the money from the proper depository. *Cross* v. *The District Township of Dayton*, 14 Iowa, 28.

If the money is not there to pay, it is the duty of the electors of the district to vote a tax for the payment, not of the judgment, but of the order. But what if the electors refuse to vote such tax; what if. upon an election held a majority of the votes are against such tax? Under the appellant's view the holder of the judgment would be without remedy. In our opinion the judgment would still subsist unsatisfied, and it would be the duty of the officers representing the district to provide for its payment by the levy of a tax, and in the event of their refusal they might be compelled to do so by mandamus.

This construction is reasonable, does no violence to any positive provision of the statute, and is in accord with every enlightened notion of justice.

II. The ruling of the court, upon the third point in the demurrer, is not covered by the assignment of errors. Hence, it is not properly presented for our consideration. *Platt* v. *Hedge & Co.*, 10 Iowa, 591. This objection is called to our attention by appellee, and cannot be disregarded.

This assignment of the demurrer presents simply a question of pleading, and it is not likely that the ruling thereon, even if erroneous, has worked any substantial prejudice.

Affirmed.

DAY, J. — A petition for rehearing in the foregoing causes was filed, and has been carefully considered. While satisfied with the general result of the foregoing opinion, there are some positions of the petition for rehearing, which, in order to avoid a misconception of the views before expressed, demand some notice. It is claimed that the foregoing opinion is irreconcilably in conflict with *Clark, Dodge & Co.* v. *The City of Davenport*, 14 Iowa, 494; *Coy* v. *The City Council of Lyons*, 17 id. 1; *Oswald* v. *Thedinga*, id. 13; *Porter* v. *Thompson*, 22 id. 391;

*McInerny* v. *Reed,* 23 id. 410; and *Coffin* v. *The City Council of Davenport,* 26 id. 515.

The first case holds that section 3275 does not confer upon corporations power to levy taxes, where such power is not otherwise by law conferred; and that, where a charter fixes the maximum limit of taxation, this section confers no power to exceed it. The other cases maintain the same doctrine.

Our opinion contains nothing at variance with these positions. Whether it is necessary that the petition for mandamus should allege that the electors of the district had not already voted a tax to the maximum limit authorized, is expressly left undecided, because no error is assigned upon the ruling of the court thereon. As to the other question, the school law contains the following provisions:

"When a judgment has been obtained against a school district, it shall be the duty of the board of directors to pay off and satisfy the same, from the proper fund, by an order on the treasurer of the district; and it shall be the duty of the district meeting, at the time for voting a tax for the payment of other liabilities of the district, to provide for the payment of such order or orders." Laws of 1862, ch. 172, § 79.

In compliance with this section, orders were issued. The district was then not only authorized, but *required,* to levy a tax to discharge these orders. The electors had no option. It was imperative upon them to provide a tax for the payment of this debt. But they refused to do so. What then is a remedy? Shall a mandamus issue against the electors, commanding them to obey the law, and vote a tax? Suppose it issues. An election is held. No power can control a ballot in the hand of a voter. A majority of the votes cast are against the tax. What then shall be done? Shall an attachment for contempt issue? How can it be determined who voted for, and who against, the tax?

Shall all be punished, or all go unpunished, because it is impossible to distinguish the guilty from the innocent? The first course is unjust and impracticable, and the latter renders the proceeding unavailing. It is clear that mandamus cannot issue against the individual electors. Is there then no remedy? Is the law so impuissant that it commands the discharge of a duty, and yet furnishes no means of enforcing obedience to its commands? Appellants practically affirm the proposition. Reason and justice deny it.

The order drawn by the directors does not discharge the debt. *Cross* v. *The District Township of Dayton,* 14 Iowa, 28. The judgment still remains. Section 3275 directs that a tax shall be levied to discharge it.

The section of the school law before referred to imposes the duty of levying the tax to pay the order, which is the mere representative of the judgment. This duty is not optional, but imperative. The court cannot, through the process of mandamus, act upon the individual electors, as it is impracticable to control their conduct. It must, therefore, to prevent an entire failure of justice, operate upon the members of the board of directors, the representatives and agents of the district, whose action it may coerce, and whose conduct it is competent to control.

The petition for rehearing is

Overruled.