## LOGAN & SONS v. PYNE.

1. **Municipal Corporations**: LIMITATION OF POWERS. The powers of municipal corporations are limited to the express terms of the grant and will not be extended by inference. Doubts of the existence of a power will be resolved against the corporation.

2. ———: GRANTS BY IMPLICATION: MONOPOLIES. A municipal corporation can confer exclusive privileges for the prosecution of business only under an express grant of power from the legislature.

3. ———: CITY CHARTER: EXCLUSIVE PRIVILEGE. A city charter granting a city the right to "exercise and enjoy all rights, immunities, powers and privileges appertaining to a municipal corporation," and to "license, tax and regulate hackney carriages, omnibuses," etc., does not authorize the city authorities to grant to one person the sole and exclusive right to run omnibuses in the city.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, JUNE 14.

THE petition alleges that by ordinance the city of Dubuque granted to plaintiffs " the exclusive privilege and franchise of running for hire omnibuses for the purpose of conveying persons, passengers and travelers, and their baggage upon the streets of the city to and from the hotels, steamboat landings and railroad stations," on condition that they should furnish necessary and suitable vehicles, for the conveyance of travelers and citizens to any part of the city at all reasonable hours, and for certain charges fixed by the ordinance. The exclusive privilege thus granted was to continue from the 4th day of January, 1872, to the 1st day of January, 1877. The petition alleges compliance on the part of plaintiffs with said ordinance and that the defendant, in violation thereof, has, since the 1st of June, 1874, run omnibuses, baggage wagons and other conveyances for transportation of passengers upon the streets of the city to and from the hotels, railroad stations and steamboat landings for hire, and has received large sums of money therefor, to which plaintiffs were entitled under the ordinance mentioned. Plaintiffs pray for judgment in the amount of damages sustained by them.

To the petition defendant demurred on the ground that the grant of exclusive privilege attempted to be made in the ordinance, is beyond the authority of the city, and, therefore, void. The demurrer was overruled and, the defendant standing thereon, judgment was rendered against him from which he appeals.

*E. McCeney,* for appellant.

*D. E. Lyon* and *Wilson & O'Donnell,* for appellee.

BECK, J.—I. The power of municipal corporations is strictly confined within the limits prescribed by the statutes creating

1. MUNICIPAL corporations: limitation of powers.

them, and will not be extended by the courts upon mere inference. It always depends upon express grant, or must be necessarily implied as incident to other powers expressly granted, or indispensable to the object and purpose for which the corporations were created. Doubts as to the existence of such powers must be resolved against the corporations and in favor of the public. *Merriam v. Moody, Ex'r,* 25 Iowa, 164; *The State v. Smith,* 31 Iowa, 493; *Ham v. Miller,* 20 Iowa, 450; *City of Burlington v. Keller,* 18 Iowa, 60.

II. A municipal corporation can grant, if at all, exclusive privileges for the protection of business which, without pro-

2. ——: grants by implication: monopolies

hibitory legislation, would be free to all men, only under express legislative grant of power. Monopolies being prejudicial to the public welfare, the courts will not infer grants thereof, refusing to presume the existence of legislative intention in conflict with public policy. *The State ex rel. v. Cin. Gas Light and Coke Co.,* 18 Ohio St., 262; *Minturn v. Same,* 23 How., 435; *Charles River Bridge v. Warren Bridge,* 11 Pet., 420.

III. The power in question attempted to be exercised by the city, in granting plaintiffs the exclusive right to run

3. ——: city charter: exclusive privilege.

vehicles for the transportation of passengers, it is claimed by plaintiffs, may be based upon certain provisions of the city charter to the following effect. The charter declares that the city shall " exercise and

enjoy all rights, immunities, powers and privileges" * * * "appertaining to a municipal corporation," and may "make all ordinances necessary and proper for carrying into effect the powers" granted by the charter; and that it may "make regulations to secure the general health of the city," and may "license, tax and regulate hackney carriages, omnibuses, wagons, carts, drays and all other vehicles." These are all of the provisions found in the charter which are relied upon to support the power of the city, to enact and enforce the ordinance in question. It certainly cannot be claimed that, in any one of them, is the power conferred by express words.

As we have seen, the power to grant monopolies does not appertain to a municipal corporation, unless upon express grant. It cannot be claimed that a general grant of such powers as pertain to cities would include such as can only be exercised under an express grant. Such a rule would abrogate the doctrine restricting the city to the exercise of such powers as are expressly conferred upon it and carries on its face an obvious construction of terms. The provisions of the charter authorizing ordinances necessary to carry into effect the powers granted, and to secure the general health of the city, cannot be interpreted as an additional grant of power, but must be understood simply as direction for the exercise of powers before bestowed. The grant of power to license, tax and regulate omnibuses and other vehicles, certainly cannot be construed into the bestowal of authority to create monopolies in their use. It has been held that, when a municipal charter granted the power to regulate and license the slaughtering of animals, the city council could not designate a particular building for the prosecution of such business and forbid it elsewhere, thus conferring upon the owner a monopoly of that business in the city. *Chicago v. Rumpff*, 45 Ill., 90.

We conclude that the charter of the city of Dubuque confers no authority upon the municipal government to grant the exclusive privilege of running omnibuses and other vehicles, as is attempted in the ordinance under which the plaintiffs claim to recover in this case. The demurrer to this petition ought, therefore, to have been sustained.

REVERSED.