THE CITY OF OTTUMWA V. CHINN *et al.*

**Cities and Towns:** NUISANCES: ABATEMENT BY CITY: REMEDY:
ACTION IN EQUITY. A city cannot maintain an action in equity to
enjoin and abate a nuisance on the ground of injury to its citizens,
since that remedy is given only to "any person injured thereby."
(Code, sec. 3331). But the authority of the corporation to abate
a nuisance, given by section 456 of the Code, is to be exercised in the
enforcement of an ordinance enacted under section 482 of the Code.
Whether if the corporation as such were specially injured by the
nuisance, it might not then maintain an action in equity, under
section 3331 of the Code, is not decided. (See opinion for cita-
tions).

*Appeal from Wapello District Court.*—HON. DELL.
STUART, Judge.

FILED, OCTOBER 8, 1888.

ACTION in equity to restrain the maintenance and
for the abatement of an alleged nuisance. A demurrer
to the petition of plaintiff was sustained.  Plaintiff
electing to stand upon its petition, judgment was entered
in favor of defendants.  The plaintiff appeals.

*W. W. Epps*, for appellant.

*E. L. Burton*, for appellees.

ROBINSON, J.—The petition alleges that plaintiff is
a city of the second class, duly organized under the laws
of Iowa; that Fred Chinn is the owner of a certain tract
of land situated within the limits of plaintiff, and of a

slaughter-house thereon; that George Hammer and others are the lessees of said premises; that cattle, sheep and hogs are kept on said premises, and slaughtered there; that excrement, offal and filth are retained and allowed to decay in and around said slaughter-house, and the fat of slaughtered animals is rendered, and work usually done at such places is carried on, in said house; that by reason of the facts aforesaid the said premises occasion and give rise to noxious exhalations and offensive odors, greatly corrupting the air in the vicinity, and cause annoyances dangerous and injurious to the health, comfort and property of the citizens residing in the vicinity; that said excrement, offal and filth are washed, by the natural flow of a stream of water upon which the slaughter-house is situated, into the Des Moines river, immediately above the head-race and source of the water supply of the Iowa water-works, which furnish the general water supply to the city of Ottumwa and its citizens; that in consequence the water is "contaminated with animal matter and poisonous refuse, which endanger the health and lives of the citizens who are compelled to use the water from said water-works,—said poison producing fever and other diseases, whereby said premises are a nuisance." The plaintiff asks that the premises, and the business of slaughtering thereon, be declared a nuisance; that defendants be enjoined from using the premises for the business of slaughtering, and the accumulation of filth; and that the nuisance be abated. The demurrer was upon the following grounds: "(1) Plaintiff does not aver any injury, special to itself, which would justify a court of equity in granting the relief prayed for. (2) There is no special injury or damage averred, and no damage except that which is common to the public. (3) Damage or injury to the public cannot be prosecuted in a civil action in the name of the city."

It may be conceded, as claimed by appellant, that the petition shows the maintenance of a nuisance within the definition given by section 3331 of the Code. But that section only authorizes an action

to restrain and abate such nuisance to be brought
"by any person injured thereby." As a general
rule, a public nuisance gives no right of action to
a private person, unless he suffer a special injury,
distinct from that of the general public. *Ingram
v. Chicago, D. & M. Ry. Co.*, 38 Iowa, 675, and cases
therein cited ; *Park v. C. & S. W. Ry. Co.*, 43 Iowa, 636 ;
*Mayor v. Canal Co.*, 12 Pet. 99. It is insisted by appel-
lant that section 456 of the Code confers the right to
maintain this action. That section gives to cities and
towns, organized under the general law of the state,
"power to prevent injury or annoyance from anything
dangerous, offensive or unhealthy, and to cause any
nuisance to be abated." It is claimed by appellant
that this power may be exercised in any manner which
the corporation may think best, and that, since it may
sue and be sued, it can accomplish the purpose of the
statute by means of an action in court. Under the
statutes of Massachusetts an action of this kind may be
maintained. *Taunton v. Taylor*, 116 Mass. 254. But
the right of appellant to maintain this action is governed
by the statutes of Iowa. It is a general proposition of
law that municipal corporations have and can exercise
only those powers granted in express words ; those nec-
essarily implied or incident to the powers expressly
granted ; and those essential to the purposes of the cor-
poration. *Clark v. City of Davenport*, 14 Iowa, 500 ;
1 Dill. Mun. Corp. sec. 55 ; *Hanger v. City of Des Moines*,
52 Iowa,194. Section 482 of the Code authorizes cities and
towns to make and publish ordinances, not inconsistent
with the laws of the state, for carrying into effect or dis-
charging the powers conferred by section 456, and other
sections of the same chapter. The ordinary method of
abating a public nuisance, and punishing its author, is
by criminal proceedings. *Mayor v. Canal Co., supra.*
"Though the jurisdiction of equity in restraint of public
nuisances is well established, it will not be exercised
where the object sought can be as well attained in the
ordinary tribunals, unless upon the application of one
who suffers a personal injury aside from the injury to

the public." 1 High, Inj., sec. 761. The petition in this case charges a nuisance within the meaning of section 4089 of the Code. The remainder of the chapter in which that section appears provides for the abatement of the nuisance, and the punishment of the one who caused it. So far as the petition shows, the rights of the general public may be fully protected by ordinary criminal proceedings. The plaintiff does not appear to be specially affected by the nuisance, but bases its demand for relief upon the alleged fact that it is injurious to its citizens. These, however, constitute a part of the general public. Plaintiff is not authorized to bring an action for the benefit of the public, and has failed to bring itself within the provision of section 3331 of the Code. In view of the general provisions of the statute relating to public nuisances, we conclude that the abatement contemplated by section 456 of the Code was to be effected by the direct action of the corporation itself, as through the medium of an ordinance, rather than by equitable proceedings in court. The judgment of the district court is therefore

AFFIRMED.