WILLIAM BAXTER, Appellant, v. TOWN OF BEACON, Appellee.

Town Marshal: WHO MAY APPOINT: *Discharge by mayor.* Code, section 652, authorizes the mayor in each town to appoint a marshal. Section 657 provides that all persons appointed to office in any town may be removed by the body or officer making the appointment. Section 668 directs that all powers granted to a town shall be exercised by the council, except those conferred on some officer; and section 662 prescribes the duties of the town marshal without giving the council power to appoint him. *Held,* that a contract with a town council to act as town marshal, being *ultra vires,* the mayor may discharge the appointee without subjecting the town to liability as for breach of contract.

*Appeal from Mahaska District Court.*—HON. JOHN T. SCOTT, Judge.

FRIDAY, JANUARY 18, 1901.

ACTION at law to recover compensation for services as town marshal. The trial court sustained a demurrer to the petition, and plaintiff appeals.—*Affirmed.*

*Daniel Davis* for appellant.

*J. C. Williams* for appellee.

DEEMER, J.—It is claimed that the town council of the defendant accepted a bid made by plaintiff for the town marshalship, and by resolution contracted with him for his services as such at the rate of $45 per month; that he (plaintiff) entered upon the discharge of his duties as town marshal, and served for two months and two days, when he was unlawfully discharged by the mayor, who refused to allow him to continue in the position. This action is brought to recover compensation for the full term of one year commencing March 1, 1898, less the amount paid him for the time he actually served. A demurrer to the petition pleading the facts above recited, based on the grounds: First, that the council had no legal right to employ or contract for the services of a town marshal; and, second, that the mayor has the sole power of appointment, and that the marshal holds at the pleasure of the mayor,—was sustained. The questions presented by the appeal involve the construction of sections 652, 657, and 668 of the Code. Section 652 provides that "the mayor in each * * * town shall appoint a marshal, * * * and in * * * towns he may appoint one or more deputy marshals." Section 657 provides that "all persons appointed to office in any * * * town may be removed by the officer or body making the appointment, unless otherwise provided." Section 668 provides, in substance, that all legislative and other powers granted to towns shall be exercised by the council, except those conferred upon some officer by law or ordinance; and that they shall perform the duties required by the Code, including the following: "* * * They shall fix by ordinance the terms of service, not exceeding one year, * * * of all officers appointed or elected whose terms are not prescribed by law," and "they shall

prescribe by ordinance the powers to be exercised and duties to be performed by the officers appointed or elected so far as such powers and duties are not defined by law." The duties of the town marshal are prescribed by section 662 of the Code, and the town council is not given power to appoint that officer. It is given authority to appoint a "street commissioner and such officers as are necessary," by section 651 of the Code. In the construction of statutes regard must be had of the general rule that a municipal corporation possesses only such powers as are expressly granted,—or are necessarily incident to or implied from those granted. When the statute itself creates the office and names the appointing power, there is no room for construction, and no ground for saying that some other person or body must create the office and make the appointment. The office of town marshal is created by statute, and the duties of that office are defined by the legislature. This being true, there was no need for an ordinance relating to these subjects. The statute also provides, in substance, that his term shall be during the pleasure of the appointing power. But, if his term was not fixed, and the council omitted to fix it by ordinance, as prescribed in section 668 of the Code, this would not give that body power to make the appointment. No ordinance was needed to give the mayor authority to appoint the marshal. That was conferred by the legislature. The town council had no authority, either express or implied, to appoint or contract for the services of a town marshal; and, if it assumed that power, the mayor had the right to discharge its appointee. The contract relied on by appellant was *ultra vires,* and cannot be enforced. Had plaintiff been appointed by the mayor, he (the mayor) would have had the right, under the statute before quoted, to remove him at pleasure. The trial court correctly sustained the demurrer, and the judgment is AFFIRMED.