DANIEL E. PETERSON, Appellant, v. TOWN OF PANORA et al., Appellees.

No. 43768.

FEBRUARY 9, 1937.

John L. Sloan and H. E. Newton, for appellant.

Batschelet & Vincent, for appellees.

PARSONS, J.—The plaintiff filed an amended and substituted petition alleging he was employed by the defendant Town of Panora, as a night watchman for a period of two years; that on or about May 2, 1932, the town council orally agreed to employ plaintiff as its regular night watch for a period ending April 2, 1934, at a monthly salary of $65.00. That the agreement was made by G. J. Foxhoven, Mayor, and agent of said defendant Town of Panora, Iowa, and ratified by said defendant Town of Panora. The plaintiff alleged that he accepted the terms of said contract and duly performed the services and duties of his employment, and that for a period from May 2; 1932, to and including the 31st day of July, 1932, he received from the defendant Town of Panora, a monthly wage of $65.00. That on the first of August, 1932, plaintiff suffered an injury to his person, and filed claim with the workmen's compensation commission, and was allowed for thirteen and a half weeks disability. That on the first day of November, 1932, plaintiff returned to his work and was told by the said G. J. Foxhoven, Mayor, that he could not go to work, that they could not use him any more, and that he was discharged. Plaintiff alleged that the defendant Town of Panora, through the acts of its mayor and agent, committed a breach of said contract and prevented him from fulfilling the conditions of the contract, and had ever since refused to permit plaintiff to comply with said contract; that said discharge was wrongful and without just cause. The plaintiff sets out his claim, and demands damages against the defendants for the sum of $981.25 for breach of said contract, with interest at six per cent from date of each payment as due thereunder, and costs.

The defendants denied each and every allegation of the plaintiff's petition, and especially denied that the plaintiff was employed by the Town of Panora as alleged. To defendants' denial plaintiff replied that defendants were estopped by their own admission in division II of their answer, to assert and allege that plaintiff's employment was a temporary employment, and that plaintiff has been fully paid for the full term of his employment.

The evidence in the case was brief, plaintiff testifying that he started employment with the Town of Panora, Iowa, in April, 1930, in the capacity of night marshal, or night watch; that G. J. Foxhoven was the mayor at that time; that plaintiff worked

for the town from April, 1930, until August, or the latter part of July, 1932, when he went on his vacation. He testified to several conferences with Foxhoven, in which he claims Foxhoven told him that so long as he was mayor he wanted the plaintiff to work for them in that capacity; that Foxhoven was mayor from April, 1932, to the following city election in 1934. Amongst the exhibits introduced was one from the records of the town council, reading as follows:

"It was moved by Haden and seconded by Texter that a regular night watch be employed at a salary of $65.00 per month, the appointment to be left to the judgment of the Mayor. All voted 'aye'. Motion carried."

This was under the proceedings of May 2, 1932.

Plaintiff said he did not work for the Town of Panora after August 1, 1932, because he was ordered not to work; that after he had been injured and received the award from the industrial commission, he told the mayor he was ready to go back to work if he did not have to make any arrests, that he was not physically able to make arrests at that time. That the mayor told him he could not return to work, that the town could not use him. Plaintiff said he worked at the Veterans' Hospital at Des Moines after November 15, 1932; and the next September he worked there from the 18th of the month up to and including the 15th of November, 1933; and that after that he did not work any other place prior to April, 1934. The record shows he was paid for all the time he put in with the Town of Panora.

In the proceedings before the industrial commission an accident report was made, which was signed by G. J. Foxhoven, mayor of the Town of Panora, reciting this man was night marshal and had been injured.

Plaintiff further testified on cross-examination that his duties were general police duties, and there were no fixed hours; that he had a vacation beginning after the 15th of July, 1932, when he went out and ran a threshing machine; that it was not a vacation on pay; that he had asked the mayor for that time. That prior to 1932 he had worked for the town in the same capacity, and his salary varied, the lowest ever paid being $65.00 a month. At the end of all the testimony defendant made motion for a directed verdict on the grounds (1) that plaintiff had wholly failed to show that Foxhoven, the mayor of Panora, had

any authority to contract with or employ the plaintiff; (2) that it appeared from the testimony that the person with whom plaintiff claimed to have made a contract of employment was not a person authorized to act for or bind the defendant Town of Panora; (3) that there was an entire lack of testimony tending to bind either the Town of Panora or the mayor of said town, or Mr. Foxhoven in his individual capacity, by any contract; (4) and that if the matter were submitted to a jury and a verdict returned in favor of the plaintiff, it would be the duty of the court to set such verdict aside as not supported by the evidence in this case. Thereupon the court sustained the motion and the jury were instructed to return a verdict for the defendants. Judgment was entered on said verdict, and appeal was taken to this court.

The first question to arise in this case is: Was the plaintiff ever legally employed by the Town of Panora, as a night watch, or in any other capacity?

On this proposition the appellees cite section 5634 of the Code, which, so far as is material to this question, is as follows:

"The officers to be appointed by the mayor shall be:

"1. A marshal, and such police and other officers as may be provided by ordinance; and in emergencies such special policemen as he may think proper, reporting such appointments to the council at its next regular meeting. Such special appointments shall continue in force until such meeting, unless sooner terminated by the mayor."

There is no showing that any ordinances were ever made by the Town of Panora which would authorize the appointment of any other officer than the marshal. The statute above quoted from permits the appointment of a marshal by the mayor, but it will be observed that the statute says: "A marshal, and such police and other officers as may be provided by ordinance." There being no ordinance, there was no authority for the mayor to make an appointment. He could appoint a marshal without an ordinance, because the statute permits it, but other officers could not be appointed without an ordinance so to do. True, he may in emergencies appoint special policemen, reporting such appointments at the next regular meeting of the council, but such appointments shall be in force only until such next regular meeting, unless sooner terminated by the mayor. So we find in

this section no authority for the mayor to appoint plaintiff to the position he claims. A resolution is not an ordinance. This section under discussion is the same as it stood in the code of 1897, and the law in this regard is governed by the same provisions as were in the Code of 1897. In Baxter v. Town of Beacon, 112 Iowa 744, 84 N. W. 932, this court held that ''a contract with a town council to act as town marshal, being *ultra vires,* the mayor may discharge the appointee without subjecting the town to liability as for breach of contract.''

It is fundamental under the decisions of this state, that one who attempts to contract with a municipal corporation is bound to take notice of the limitation of the power of the particular offiers or agent to make such contract; and one who deals with a municipal corporation under such circumstances, deals at his peril.

And it is also fundamental that the power of a municipal corporation is strictly confined within the limits prescribed by the statutes creating them, and will not be extended by the courts upon mere inferences; and that such municipal corporations have and can exercise only such powers as are expressly granted to them by law, and such incidental ones as are necessary to make those powers available, and are essential to effectuate the purpose of the corporation; and those powers are strictly construed. In support of these propositions are the following cases: Becker v. Keokuk Waterworks, 79 Iowa 419, 44 N. W. 694, 18 Am. St. Rep. 377; Goldberg & Co. v. Cedar Rapids, 200 Iowa 139, 204 N. W. 216; Cedar Rapids Water Co. v. Cedar Rapids, 118 Iowa 234, at page 241, 91 N. W. 1081; Logan v. Pyne, 43 Iowa 524, 22 Am. Rep. 261.

It is also true that the powers of a municipal corporation are created only by positive enactment, and an act done in the exercise of a power not thus created is void. McPherson v. Foster Bros., 43 Iowa 48, 22 Am. Rep. 215; Connolly v. City of Des Moines, 200 Iowa 97, 204 N. W. 284, which last case is also an authority that the burden rests upon the plaintiff to show authority of the town to contract.

It will thus be seen on an examination of the statute and authorities cited, that the town council of Panora, Iowa, had no right to appoint a night watchman, or any other officer. This appointment belonged, of course, to the mayor when authorized by ordinance of the town. True, the mayor has authority, under

this section, in emergencies, to appoint special policemen, as he may think proper, reporting such appointments to the council at its next regular meeting, but these appointments only last until such meeting, unless sooner terminated by the mayor. So as the town council evidently had various regular meetings, any appointment would then terminate at that time, as the statute says such shall be the case, thereby recognizing the right of the mayor to terminate appointments, or employment. These things being true, we do not see where the plaintiff in this case has any standing whatever, and the action of the lower court in directing a verdict against the plaintiff and in favor of the Town of Panora, was correct. The action of the court was also proper in directing the verdict in favor of Foxhoven as mayor and as an individual, for the reason that a verdict against Foxhoven as mayor is not warranted, or authorized, and he could not be held personally liable, because plaintiff was charged with notice of the fact that Foxhoven was mayor of the town, and that any contract with him was a contract as such, and not with an individual. It could not be supposed that the mayor personally was employing a night watchman, and the case is not brought on that theory.

Therefore, the court was right in directing a verdict generally in favor of the defendants, and against plaintiff, and for the reasons herein pointed out the decision of the lower court is hereby affirmed.—Affirmed.

RICHARDS, C. J., and all Justices, concur.