S. Goldberg & Company, Appellant, v. City of Cedar Rapids, Appellee.

APPEAL AND ERROR: Harmless Error—Authority of Municipal Employee—Exclusion of Evidence. On the issue whether a city was estopped by its conduct to deny the authority of an employee to make certain sales of city property, the exclusion of testimony to the effect that plaintiff had often bought such property from the employee is error without prejudice, when no effort is made to show that the city received the money on such sales or otherwise ratified such sales.

MUNICIPAL CORPORATIONS: Officers, Agents, and Employees—Authority. One who attempts to contract with a municipal corporation is bound to take notice of the limitation on the power of the particular officer or agent to make such contract.

Headnote 1: 4 C. J. p. 1006. Headnote 2: 28 Cyc. p. 649.

*Appeal from Linn District Court.*—John T. Moffit, Judge.

June 25, 1925.

Action for damages for breach of contract in the alleged sale of certain cast-iron pipe, by defendant to plaintiff, which was never delivered. From a directed verdict in favor of the defendant, the plaintiff appeals.—*Affirmed.*

*Rickel & Dennis,* for appellant.

*O. N. Elliott* and *Charles Penningroth,* for appellee.

Albert, J.—The appellant's claim is that, in May, 1917, it bought from the appellee, through one Andrew Kydd, 125 tons of secondhand cast-iron pipe at $18 per ton; that it sold said pipe, a day or two thereafter, to a concern in Chicago, for $35 per ton; that the appellee city refused and never delivered to the appellant the pipe so bought: and appellant asks damages for $1,610.91. The appellee answered, denying the allegations of appellant's petition, and affirmatively pleaded that Andrew Kydd, referred to in appellant's petition, had no authority to act

for the appellee in the sale of said property, and pleaded the statute of frauds.   The appellant replied, alleging an estoppel by conduct on the part of the appellee, growing out of alleged previous similar purchases by the appellant through said Kydd.

At the close of appellant's testimony, the appellee moved for a directed verdict on six different grounds.   This motion was sustained, and the verdict directed accordingly.   Among the grounds of said motion were two as follows:

"Fourth:   That plaintiff has failed to show that Andrew Kydd, with whom they claim to have made the said contract of sale in behalf of the defendant, had any authority whatever to sell the property of the defendant city.

"Fifth:   That it appears affirmatively that the person with whom the plaintiffs claim to have had a contract of sale was not a person who was authorized to act for or bind the city of Cedar Rapids, the defendant in this case."

Briefly stated, the material facts herein followed are these: The appellee city is a city under special charter, and as such is the owner of and controls a city waterworks system, under what is now Chapter 313 of the Code of 1924.   There were on hand, at the time in controversy, approximately 125 tons of cast-iron pipe, and some other scrap iron belonging to the city of Cedar Rapids.   Through negotiations with one Andrew Kydd, who is designated in the record as manager of the city waterworks, the appellant herein made a bid to Kydd of $18 a ton for said pipe, which offer was accepted by Kydd, and written memoranda made thereof.

The evidence further shows that thereupon the appellant herein sold said pipe in Chicago, under written contract, for $35 a ton.   His expenses and delivery to Chicago were $2 a ton, plus 50 cents for loading at Cedar Rapids.

The contention made by the city is that Kydd was the mere employee of the city, and had no authority whatever from the city to sell said iron pipe or make a contract with the appellant. The appellant seems to recognize this fact, but seeks to avoid the effect of it by offering evidence to show that his concern had, for a number of years past, bought scrap iron from Kydd, and therefore the city, by its conduct, had led him to believe that Kydd had authority to make disposition of the scrap iron.   In

other words, the city, by its conduct, led the appellant to believe that Kydd had ostensible authority to sell the same. This line of evidence was rejected by the court, and error is assigned in rejection of such testimony. There are some underlying principles controlling in this case, with which we will first deal.

That Kydd was not an officer of the corporation is quite well settled. Chapter 313 of the Code of 1924 provides generally that, when waterworks are owned by the city, they shall be managed and operated by a board of waterworks trustees, consisting of three members. They are given the power to employ a superintendent and such other employees as may be necessary and proper for the operation of such works and for the conduct of the business incident to the operation thereof. It is to be noted that there is provision here for the appointment by the trustees, of the superintendent. If we assume, without deciding, that such superintendent would be an officer of the municipality, there is no provision whatever in the statute for the appointment of a manager, and therefore, if there be an employee with such designation, he would not be considered an officer of the municipality. The inherent power, under these sections of the statute, to manage and control and conduct the business incident to the operation of such water plant, is in the trustees; and, if they have property in their possession which is to be disposed of, it is for them to make such disposition. Of course, it is probably true that they would have the right to delegate to any of their subordinates the power to so dispose of such property; but there is nothing in this record to show that such power was conferred upon Kydd. This being true, Kydd's action in the matter was wholly without authority.

The question, therefore, must finally turn on the question of whether or not, had the appellant been permitted to introduce the testimony offered to show previous purchases from Kydd, such testimony, added to the testimony already introduced by the appellant, would make a case against the appellee. If not, then the ruling of the court in rejection of the testimony was error without prejudice; and the ruling on the motion to direct a verdict was proper.

1. APPEAL AND ERROR: harmless error: authority of municipal employee: exclusion of evidence.

The appellant seeks to apply herein the general rule recog-

nized in this state and other states, that authority is implied, where an alleged agent has performed acts similar to those in question which have been ratified by the principal, and his authority will be conclusively presumed, so far as necessary to protect third persons who have acted in good faith and with reasonable prudence.    That this is the rule between private parties is well established, and is well illustrated in the case of *Grant v. Humerick*, 123 Iowa 571, and several other Iowa cases. Whether this rule of law applies to municipal corporations is a question for determination.

It is fundamental, under the decisions in this state, that one who attempts to contract with a municipal corporation is bound to take notice of the limitation of the power of the particular officer or agent to make such contract;

**2. MUNICIPAL CORPORATIONS: officers, agents, and employees: authority.** and one dealing with a municipal corporation under such circumstances deals at his peril. *Citizens' Bank of Des Moines v. City of Spencer*, 126 Iowa 101; *Cedar Rapids Water Co. v. City of Cedar Rapids*, 118 Iowa 234; 3 McQuillin on Municipal Corporations, Section 1166.    The doctrine of implied agency or ostensible authority applied to private parties or corporations is limited very much, so far as municipal corporations are concerned, for the reason that between private parties or private corporations the extent of authority is known only to the principal and agent; whereas, in municipal corporations, it is a matter of record in the statute or the ordinances and proceedings of the municipal corporation. 19 Ruling Case Law 1066, Section 354, and cases therein cited.

It will be noted in passing that there was no offer to prove that the city of Cedar Rapids ever received any money from the purported purchases made by the appellant in the years gone by.    There is no offer to show that the city, if such purchases were made, ever ratified such acts of the said Kydd.    On the other hand, if appellant had been permitted to show only that he had previously bought scrap iron from Kydd, this in itself would not have been sufficient, even though it were a deal between private parties.

Taking the evidence as a whole, with the added evidence offered, we are satisfied that, under the above rules announced,

the appellant did not make out a case against the appellee, and therefore the ruling of the district court was correct.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.