20582

Margaret ROBERTSON (Brissey), Respondent, v. BRISSEY'S GARAGE, INC., and United States Fidelity and Guaranty Company, Appellants.

(240 S. E. (2d) 810)

*Robert S. Galloway, Jr.,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for Appellants,*

*C. Ben Bowen,* of *Abrams, Bowen, Robertson & Tapp,* Greenville, *for Respondent,*

January 17, 1978.

RHODES, Justice:

In this appeal from an award of Workmen's Compensation death benefits the employer and insurance carrier as-

sert that the decedent's widow is barred by S. C. Code §
42-15-40 (1976) from claiming benefits because of failure
to file her claim within one year. The Industrial Commis-
sion, affirmed by the Circuit Court, held that the appellants
were estopped to assert the one year limitation period pro-
vided by § 42-15-40. We affirm.

I. M. Brissey, claimant-respondent's husband, was presi-
dent and part owner of Brissey's Garage, a Corporation. On
May 9, 1973, while working at the garage, he was assaulted
by several men attempting to force the release of a car that
had been impounded at the garage by the police. As a result
of the altercation, Brissey suffered a fatal heart attack.

After investigation, the carrier concluded that since Bris-
sey was the president and part owner of the garage, he was
not an employee and the injury was therefore not compensa-
ble. In January of 1974, an adjuster for the carrier visited
the claimant, explained in detail the company's position as
above-stated, and informed her the carrier did not consider
the death compensable. On January 4th, 1974, by letter, the
adjuster informed the Industrial Commission that it was
the carrier's position that Brissey's death was not compensa-
ble. He added that "I have explained our position to Mrs.
Brissey and told her that she would have until May 9, 1974
to file with the Commission in the event she would choose
to contest our decision. She seemed to understand fully our
position and seemed willing to accept it as such. By way of
copy of this letter to Mrs. Brissey, I am informing her of
the one year time limit and to contact you if she wishes to
pursue this further."

On January 10th, 1974, after receipt of the adjuster's let-
ter, the Industrial Commission sent a form letter to the
claimant stating that it had been informed of the carrier's
denial of liability and, further, that "we are enclosing a copy
of our Bulletin which explains the facts and circumstances
under which compensation is payable. Please read this care-
fully and if you decide you are entitled to compensation, it is

your privilege to write the Industrial Commission asking for a form, (*sic*) Request that a Claim be Assigned for a Hearing."

After the period for filing a claim had expired, the widow having filed no claim, the matter was routinely set for a hearing by the Industrial Commission in accord with its established practice of conducting hearings in all death cases. The parties appeared before a single commissioner on February 25, 1976, at which time the respondent made her initial claim for benefits. The Hearing Commissioner found that inefficiency on the part of the Industrial Commission was partially responsible for the extreme delay in scheduling the matter for hearing. Among other defenses, the carrier asserted that the respondent was barred from claiming benefits by reason of failure to make a timely claim in accordance with S. C. Code § 42-15-40 (1976).[1] That section provides, in part, that "[t]he right to compensation . . . shall be forever barred unless a claim is filed with the Commission within two years after the accident and, if death resulted from the accident, unless a claim be filed with the Commission within one year thereafter."

In the proceedings that followed, the claimant testified that she did not file a claim within the statutory period because she believed and relied upon the carrier's adjuster who told her that he knew the Workmen's Compensation Act and that her husband's death was not compensable in that he was not an employee of Brissey's Garage. Based upon the evidence, the Hearing Commissioner found that, although there was no intent on the part of the carrier's adjuster to mislead or deceive the claimant, his conduct did, in fact, have that effect. He further found that since reliance upon the adjuster's statements led the claimant to refrain from filing a timely claim or seeking counsel, the carrier was estopped to raise the one year limitation period as a defense.

---

[1] The other defenses raised by the appellants, including the original position that Brissey was not an employee of Brissey's Garage, have been abandoned on this appeal.

The Hearing Commissioner was affirmed by the Full Commission and by the Circuit Court.

This Court has held on numerous occasions that the employer and carrier have waived, or have been estopped by their conduct to assert, the statute of limitations. *Lovell v. Timbes, Inc.,* 263 S. C. 384, 210 S. E. (2d) 610 (1972); *Altman v. Williams Furniture Co.,* 250 S. C. 98, 156 S. E. (2d) 433 (1967); *Clements v. Greenville County,* 246 S. C. 20, 142 S. E. (2d) 212 (1965); *Skipper v. Marlowe Mfg. Co.,* 242 S. C. 486, 131 S. E. (2d) 524 (1963); *Poole v. E. I. DuPont De Nemours & Co.,* 227 S. C. 232, 87 S. E. (2d) 640 (1955); *Young v. Sonoco Products Co.,* 210 S. C. 146, 41 S. E. (2d) 860 (1947); and *Lowther v. Standard Oil Co.,* 206 S. C. 286, 33 S. E. (2d) 889 (1945).

In *Young v. Sonoco Products Co., supra,* this Court stated:

The conduct of defendant and its insurance carrier may be such as to estop them from presenting the statutory limitation as a defense in bar of the claim for compensation, if the effect of such conduct was to mislead or deceive claimant, whether intentionally or not, and induce him to withhold or postpone filing his claim petition until more than a year had elapsed from the occurrence of the accident.
41 S. E. (2d) at 864 (quoting other authority).

In the *Young* case, the claimant did not file a timely claim with the Commission although she had been informed three months before the period of limitation had run that the carrier was denying liability. The claimant testified that the reason she had not filed a timely claim was due to advice from a Mr. DuBose, an employee of Sonoco who handled all workmen's compensation claims for the company, that although she had a right to contest the carrier's denial of liability she should wait to hear from the Commission before proceeding further. In affirming the Commission's holding that the employer and carrier were estopped to invoke the limitation period for filing claims, the Court stated: "There

was no obligation resting upon Sonoco to provide assistance to employees in filing claims but having done so, the employer is not in a position to complain of any action taken or omitted as a reasonable result of the advice thus given." 41 S. E. (2d) at 864.

In the present case, the appellants were under no obligation to consult with the respondent or to explain the basis for their denial of liability. However, having undertaken such a duty, the appellants are not in a position to invoke the respondent's failure to act if such failure was a reasonable result of appellants' gratuitous acts.

Although the carrier acted in good faith, the fact is inescapable that it occupied a position far superior to that of the claimant. The claimant was ignorant of the Workmen's Compensation Act and of business practices generally. This factor may be taken into account in determining whether the claimant was misled. *Young, supra.* We also feel that it may properly be considered in determining whether the claimant's reliance was justified. Although claimant was advised that she could file a claim, it was reasonable under the circumstances for her to feel that such would be a futile gesture in view of the positive assertion by the carrier of the reasons why the death was not compensable. Her reliance on the adjuster is indicated by the following from the January 4, 1974 letter of the adjuster to the Commission: "She seemed to understand fully our position and accept it as such." It is clear to us that the words of the adjuster were being accepted by the claimant without question, which is not strange when considered in the light of the disparity between the knowledge and experience of the parties. We feel that the failure of the claimant to file a claim was a reasonable reaction to the initiative taken by the carrier.

The question here is whether there is any competent evidence to sustain the finding of the Industrial Commission that the appellants were estopped to assert the failure of claimant to file her claim within one year after the death of

her husband; for, under well settled principles, if there was any evidence to support the factual finding of the Commission, such is binding on this Court and the Circuit Court on appeal. *Skipper v. Marlowe Mfg. Co.,* 242 S. C. 486, 131 S. E. (2d) 524 (1963). It is our opinion that there was competent evidence to support the Commission's finding and we affirm.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.