T. C. ASHCRAFT et al *v.* Joe HUNTER

CA 79-352                                    597 S.W. 2d 124

Court of Appeals of Arkansas
Opinion delivered April 2, 1980
Released for publication April 23, 1980

*Shackleford, Shackleford, & Phillips*, by: Norwood Phillips, for appellants.

*Odell C. Carter,* for appellee.

ERNIE E. WRIGHT, Chief Judge. This is an appeal from a circuit court judgment affirming an award to appellee by the Workers' Compensation Commission.

The claimant sustained an admittedly compensable injury arising out of the course of employment with the respondent employer in June, 1972. The claim for benefits was accepted by respondents without the filing of a claim with the commission. Claimant was paid compensation benefits, and was released by his doctor in December, 1972. He was hospitalized in 1973 for a condition arising out of the injury, and again the respondents accepted the claim and paid the hospital, medical and related expenses. The last check for medical services was issued Sepember 26, 1973. The claimant was again hospitalized for a condition arising out of the injury in August, 1974. Prior to September 26, 1974, bills for medical treatment, hospitalization and medications were submitted to the Chambers Claim Service, agent for respondents that had handled all claims incident to the injury from the inception. No action was taken on the claims until after September 26, 1974, one year after the voluntary payment of the last claim.

Mr. H.R. Whatley testified on behalf of the respondent, Rockwood Insurance Company, that he was the owner of the Chambers Claim Service, and was claims service agent for the insurance carrier. He regularly issues drafts on the respondent carrier in the processing of claims. He had routinely handled all claims incident to the injury, and issued drafts for all payments that had been made. He was aware that no formal claim had been filed with the Commission. The last disability compensation was paid to claimant

through June 17, 1973, and the last draft for medical services was issued September 26, 1973. There was evidence the 1974 claims were mailed to Chambers Claims Service on September 19, 1974, and Mr. Whatley testified he would normally have received them within three days, but he did not make note of the date he received them. He did not deny they were received prior to September 26, 1974. Mr. Whatley stated it was possible some one from his office may have advised the hospital the claim was covered, as this "happens all the time."

On October 31, 1974, Mr. Whatley gave the claimant notice the carrier was denying liability by invoking the one year statute of limitations, Ark. Stat. Ann. § 81-1318(b) (Repl. 1976), which bars a claim for additional compensation unless it is filed with the Commission within one year from the date of last payment of compensation or two years from the date of injury, whichever is greater. The statute provides certain exceptions not here relevant.

After being notified of denial of liability, the claimant, who was not previously represented by counsel, obtained counsel and filed claim with the Commission on November 5, 1974.

The administrative law judge ruled the claim was barred by limitations on the ground the claim was not filed with the Commission within one year from the date of the last payment of compensation, and dismissed the claim.

On appeal the Commission found the claims in question were received by the Chambers Claim Service before the expiration of one year from the date of last payment by respondents, that the claims were received in the same manner as prior claims had been received and accepted without a formal filing with the Commission, and held the actions of the respondents' representative had misled the claimant to his detriment in not filing a formal claim with the Commission. The Commission held under the circumstances respondents were not permitted to invoke the statute of limitations.

The Commission pointed out that *Parrish Esso Service Center* v. *Adams,* 237 Ark. 560, 374 S.W. 2d 468 (1964) approved the following doctrine as applicable to Workers' Compensation statutes:

> These Compensation Acts are entitled to and have universally received a liberal construction from the courts. The humanitarian objects of such laws should not, in the administration thereof, be defeated by overemphasis on technicalities — by putting form above substance.

We conclude there is substantial evidence to support the findings of the Commission, and that the Commission was correct in holding that under the circumstances the claim is not barred by limitations.

We do not find that the Arkansas Supreme Court has passed directly on whether a respondent may be said to have waived or to be estopped from asserting the bar of limitation statute because of the late filing of a claim for additional compensation. In some states there are statutes permitting the excusing of late claims for good cause or mistake. Arkansas has no such statute, so the issue is whether the appellants waived the statute of limitations or are estopped to invoke the statute.

Larsen, § 78-45, indicates that where a claimant is led to believe by the statements or actions of the respondent that a formal claim is not necessary, the lateness of filing is ordinarily excused. In many of the cases from other jurisdictions there cited, there was evidence that the respondent or agent had made statements to the effect the claim was filed or not to worry about the time limit. Such specific statements are not here present. However, we do have undisputed evidence of a course of action on the part of the authorized agent for the appellant insurance carrier of voluntarily accepting the claim as compensable in 1972, paying disability benefits through June 17, 1973, paying hospital and medical benefits in 1972 and again paying further hospital and medical benefits for a recurrence of the medical problem in 1973, the last such voluntary payment being September 26, 1973. All of this course of action was without the filing of a formal claim with

the Commission, and the carrier's representative was aware no formal claim had been filed. Also, the carrier's representative was aware the claimant was not represented by counsel.

We conclude the course of action of the carrier and its representative conveyed the posture of the carrier quite clearly that the filing of a formal claim was not necessary, and that claims for appropriate compensation benefits would be processed without the formality of filing formal claims with the Commission. The claims for additional benefits now in issue were routinely submitted to the carrier's same claims agent who had handled all of the appellee's claims arising out of his 1972 injury, and were received by the agent before the expiration of the one year statute of limitations after the date of payment of the last prior claim. The agent notified claimant the claim was rejected on the basis of limitation after the expiration of the one year period.

We hold the respondents are estopped by their course of actions from invoking the benefit of the statute of limitations. 12 Schneider, Workmens' Compensation Law, § 2376, states the general rule to be that representations or conduct of the employer which reasonably misleads the employee into believing it is unnecessary to file his claim within the required statutory period, operates to estop the employer from relying on the statute of limitations.

We believe the case of *National Lead Co.* v. *Workmens' Compensation Appeals Board*, 251 Cal. App. 2d 673, 60 Cal. Reptr. 41 (1967), announces a sound rule. There the relevant facts are comparable to the present case, and the court concluded:

> Without any application, the employee had been paid temporary disability for 16 months and had been furnished medical treatment for more than 3 years, including an 8-month period after retraining and reemployment by another concern. This unforced furnishing of medical treatment continued without question through July 26, 1960. On that day, his sense of continuing availability of medical care from the

employer was kept alive by the doctor's direction to return when he felt more pain. Thus there is evidence to support the board's finding of estoppel. The one year period for filing formal application did not begin to run before March of 1964, the earliest possible date for inferring any question by the employer of applicant's right to continue care.

In the present case the effect of the Commission's holding was that appellants are estopped by their course of actions from invoking the statute of limitations. We agree.

The circuit court was correct in affirming the decision of the Commission, and we affirm the judgment of the circuit court.