SAFEWAY STORES, INC. et al *v.*
R. Lee LAMBERSON

CA 81-357                                        634 S.W.2d 396

Court of Appeals of Arkansas
Opinion delivered June 16, 1982

*Michael E. Ryburn,* for appellants.

*Dennis L. James* of *Southern & James,* for appellee.

MELVIN MAYFIELD, Chief Judge. The employer and its insurance carrier appeal from a decision of the Workers' Compensation Commission awarding appellee a fifty percent permanent partial disability to the left arm. We affirm.

Appellee sustained an injury to his arm in October of 1975 while working for Safeway. The insurance carrier, Travelers Insurance Company, accepted liability and paid all temporary total disability and medical benefits up to the date it received a bill from Dr. Richard Nasco for an office visit made by appellee on March 21, 1979.

The doctors first tried to fix appellee's arm with metal pins and, later, with a bone graft. These procedures were not satisfactory so they finally put a plastic implant in his arm that worked like a hinge. He returned to work but was still

seeing Dr. Nasca who had treated him continuously since his injury.

Appellee saw Dr. Nasca on December 6, 1977, and was scheduled for a return appointment for December of the next year, 1978. The doctor became ill and appellee's appointment was rescheduled for March 21, 1979. On that day the appellee was examined by the doctor but when Travelers received the bill for that examination it refused payment on the basis that it had been over two years since the accident and over one year since the payment, on January 6, 1978, of Dr. Nasca's bill for the December, 1977, office visit.

The commission held against Travelers' claim of limitation in an opinion which reads, in part, as follows:

> Claimant's undisputed testimony was that he notified Travelers that Dr. Nasca would be unavailable for his appointment on December 5, 1978. Travelers had been furnishing medical treatment for claimant since the date of injury on October 22, 1975, including two surgical procedures by and numerous office visits to Dr. Nasca. Dr. Nasca's report of December 6, 1977, which was addressed to Travelers, indicated that claimant's return appointment was scheduled for one year [later]. Travelers was certainly not under the impression that claimant would not require further medical treatment . . . . Since Travelers took no affirmative action to deny further liability and since Dr. Nasca's unavailability to treat the claimant was by no means the fault of the claimant, it is determined that the statute of limitations was tolled and respondents are estopped from asserting it as a defense. Furthermore, Travelers never stopped *furnishing* medical treatment to the claimant until it controverted the claim (by letter to claimant dated September 19, 1979) after receiving Dr. Nasca's statement for the March 21, 1979, visit.

We agree that the respondents are estopped from asserting the bar of limitation set out in Ark. Stat. Ann. § 81-1318 (b) (Repl. 1976). That doctrine was recognized by

this court in *Ashcraft* v. *Hunter*, 268 Ark. 946, 597 S.W.2d 124 (Ark. App. 1980), in a situation somewhat similar to this and we think it is clearly applicable here.

In this case there are nineteen letters in the record from Dr. Nasca to Travelers. Each of them report on the appellee's condition and they cover a four-year period beginning October 27, 1975, and ending October 25, 1979. All of them state or imply that the appellee will be examined again and a letter dated December 6, 1977, specifically states that appellee is to return in one year. It is not until the very last letter, however, that any permanent partial disability is fixed by the doctor. The letters disclose that most of the period they cover was involved with the determination and application of the various procedures used to repair appellee's arm. After the plastic implant, the question was how long it would hold up. And finally, the question was the amount of permanent disability.

Under these circumstances, it was entirely reasonable for the appellee to conclude that it was unnecessary to file a formal claim with the commission. We think the decision of the commission is supported by substantial evidence and is correct as to the law.