HOLMES, Judge.
This is a workmen’s compensation case.
The circuit court found the employee’s claim to be barred by the statute of limitations. The employee, through able counsel, appeals contending that the statute of limitations was tolled by certain actions of the employer.
Our review of the record supports the action of the trial court and we affirm.
The record in pertinent part reveals the following: The employee while on the job in August of 1978 got paint in his eye. On the day of the occasion the employee notified his superior of the incident. Thereafter, for approximately six months after the incident, the employee did not lose time from work nor was anything regarding the incident said to the employer.
Apparently some six months after the aforementioned incident the employee experienced problems with his eye. Employee’s union representative arranged a meeting with the employer. At this meeting the employer’s personnel representative informed the employee that the employer would call the doctor who treated employee and would process the “benefits” based on what the doctor stated.
Approximately one week after this meeting another meeting between the parties was held. At the second meeting the employer specifically stated that no benefits were going to be paid to employee by the employer. Apparently the employer informed the employee that the paint could not have caused the injury. This meeting occurred as indicated approximately six months and one week after the injury.
Sometime thereafter, approximately six months, the treating physician told the employee the paint did not cause the employee’s injury. This apparently occurred in August of 1979.
In 1980, another physician informed employee that the paint incident could be the cause of employee’s eye problem.
Thereafter, in April of 1980, approximately twenty months after the injury, the instant lawsuit was filed.
The applicable statute of limitations is section 25-5-80 of the 1975 Code of Alabama. In general, the instant claim is barred after one year.
The one year statute of limitations may be tolled. As indicated, the employee contends that because of the action of the employer the statute of limitations was tolled. He relies, and ably cites to this court Ex parte Youngblood, 413 So.2d 1146 (Ala. 1981); and Dorsey v. U. S. Pipe & Foundry Co., 353 So.2d 800 (Ala.1977). We do not deem it necessary or prudent to analyze in detail the applicability of these cases. Suffice it to say that the applicable principle of law as enumerated in these cases might well be appropriate in the instant appeal, if there had been no second meeting.
Our perusal of the record reveals that at the second meeting, which occurred approximately six months prior to the “running” of the statute of limitations, the employee was informed that the company denied liability because the employer considered the instant injury to be nonwork related. Furthermore, there is nothing in the record, before this court, that indicates any further action or inaction was taken by the employer, nor was any action required. Under these facts this court does not find Young-blood or Dorsey, supra, to be applicable.
*166 In view of the fact that the workmen’s compensation claim was filed approximately one year and eight months after the injury, and no facts were presented to justify a tolling of the appropriate statute of limitations, the trial court did not err in finding the claim to be time barred.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.