Sherry L. BAUER, Appellant
(Employee-Claimant),

v.

STATE of Wyoming, ex rel., WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Objector-Defendant).

No. 84–77.

Supreme Court of Wyoming.

March 1, 1985.

Donald L. Painter, Casper, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Terry J. Harris, Asst. Atty. Gen. (argued), for appellee.

Before THOMAS,* C.J., and ROSE, ROONEY,** BROWN and CARDINE, JJ.

CARDINE, Justice.

 The parties in this case stipulated to the following facts: The town of Saratoga had taken over supervision of the ambulance service from Carbon County approximately thirty days prior to this injury. The appellant was employed part time by the town of Saratoga as a member of the ambulance service. She suffered a ruptured eardrum in the course of her employment on December 14, 1981, and sought medical treatment the next day. She was advised by her supervisor that she was not covered by worker's compensation because she was a part-time employee.[1]

 Appellant underwent surgery on March 24, 1982. In March 1983, when it became apparent that additional surgery would be necessary, appellant requested that the hospital apply for payment under worker's compensation. The second surgery for the injury that occurred during her employment was performed on April 6, 1983. At that time she again discussed worker's compensation with the chief executive officer of her employer, the mayor of Saratoga, who agreed that she should be covered. Appellant then, during April 1983, attempted to file a worker's compen-

---

* Became Chief Justice January 1, 1985.

** Chief Justice at time of oral argument.

1. The dissenting opinion of Justice Rooney is misleading when it states:
> "It is difficult to treat Ann White's advice, given in the doctor's office while treating appellant on behalf of the doctor, as being given on behalf of the Town of Saratoga * * *."

No one testified in this case. Nowhere in the record is it stated that Ann White's advice was given in the doctor's office while treating appellant. The case was presented to the trial court upon stipulated facts, agreed to by the parties. With respect to this matter, the stipulation states:
> "When the subject injury occurred, and thereafter, Employee had considerable conversation and consultation with the same Ann White, who did not believe that Worker's Compensation coverage existed because of the minimal part-time nature of the occupation."

Further, appellee conceded that Ann White was acting on behalf of the town of Saratoga when it agreed in its brief that:
> "In the case at bar, the employer, Town of Saratoga, did no more than give bad advice which was the result of an honest mistake as to the existence/non-existence of coverage."

The appellee having stipulated that the town of Saratoga gave bad advice as a result of an honest mistake, it is inappropriate to suggest the contrary by stating that Ann White "was *probably* acting as a nurse for an attending physician at the time" (emphasis added) in a private capacity when she advised appellant concerning coverage under worker's compensation.

sation claim. The clerk of court rejected the claim because it was not timely filed.[2] Appellant was allowed to file her claim on July 19, 1983. The court, thereafter, determined that the claim was barred by the statute of limitations.

We reverse.

The only issue presented by appellant is: "Whether Appellant has a legally, excusable reason for failure to comply with § 27–12–503, W.S.1977." This statute provides in part:

"(a) No order or award for compensation involving an injury which is the result of a single brief occurrence rather than occurring over a substantial period of time, shall. be made unless in addition to the reports of the injury, an application or claim for award is filed with the clerk of court in the county in which the injury occurred, within one (1) year after the day on which the injury occurred or for injuries not readily apparent, within one (1) year after discovery of the injury by the employee. The reports of an accident do not constitute a claim for compensation."

We stated in *In re Martini*, 38 Wyo. 172, 265 P. 707 (1928), that the legislature had fixed the applicable time in which a claim could be filed and, therefore, an exception could not be read into the law because the result would be legislation rather than statutory construction. We, however, expressly did not resolve the question here presented, stating:

"Whether the limitation, notwithstanding the fact that it is said to be jurisdictional, may be *waived* under certain circumstances, as is held by some of the courts, *need not be decided*, for the question does not arise here. It is clear that

without such waiver, the limitation is, under the authorities already cited, mandatory." (Emphasis added.) *In re Martini*, supra, 265 P. at 708–709.

■ The question we treat here does not involve statutory construction. The statute is clear and unambiguous. It contains no provision for tolling because of excusable neglect or to relieve hardship in particular circumstances. Thus, the statute here has run and is a bar to this claim unless the doctrine of equitable estoppel prevents raising the statute-of-limitations defense.

It is established policy that worker's compensation statutes and the law applicable thereto should be liberally construed to the end that just claims of workers will be paid whenever possible. Jurisdictions such as ours, with statutes *not* providing tolling for excusable neglect, apply waiver or equitable estoppel to prevent the employer from asserting the statute of limitations as a defense where the lateness was the result of the employer's assurances, misrepresentations, negligence, or fraudulent deceptions. 3 Larson, The Law of Workmen's Compensation § 78.45.

■ There are no jurisdictions which always hold their statutes of limitation to be a total bar in worker's compensation cases. All jurisdictions allow late filings under some circumstances. These circumstances range from good faith misrepresentations by employers to a requirement of deliberate and actual fraud. Fraud, either actual or legal, will toll the statute of limitations, *Perkins v. Aetna Casualty & Surety Co.*, 147 Ga.App. 662, 249 S.E.2d 661 (1978), as will a reasonable reliance on incorrect information and active misleading conduct. *Cohen v. Industrial Comm'n of Arizona*, 133 Ariz. 24, 648 P.2d 139 (1982).

---

**2.** Section 27–12–601(a), W.S.1977, states in part: "[T]he clerk or his designee shall review the reports of the injury to ascertain whether the case should be docketed."
However, § 27–12–602(a), W.S.1977, requires that " * * * the judge shall set the case for hearing at the earliest possible date and direct notice of the hearing to be issued by the clerk of the court * * *." In situations where there is a dispute as to the right of the employee to com-

pensation or the amount to be awarded, a right to a hearing is provided. The procedural protections include the right to a judicial decision on the matter. It is not within the province of the clerk of court to determine whether cases are barred by the statute of limitations. See, *R.L. Manning Co. v. Millsap*, Wyo., 687 P.2d 252 (1984), and *Herring v. Welltech, Inc.*, Wyo., 660 P.2d 361 (1983).

Thus, where the failure to file the claim resulted from the direct intervention of the employer's agents and all parties believed that the accident was not covered by worker's compensation, equitable estoppel prevented the defense of statute of limitations. *Levo v. General-Shea-Morrison*, 128 Mont. 570, 280 P.2d 1086 (1955). Estoppel flows from the actual consequences produced by the conduct of A on B regardless of whether A intended those consequences or not. *Pino v. Maplewood Packing Co.*, Me., 375 A.2d 534 (1977). It is immaterial whether the conduct falsely misrepresented the situation or fraudulently concealed the truth. The employer is estopped to plead the statute of limitations. *Cambron v. Co-operative Distributing Co.*, Ky., 405 S.W.2d 687 (1966); *Pacific Employers Ins. Co. v. Industrial Accident Comm'n*, 66 Cal.App.2d 376, 152 P.2d 501 (1944). Where the employer's carrier gave information with no intent to deceive or mislead but his conduct did just that, estoppel applied because the employer, having assisted the employee, could not complain about action taken or not taken. *Robertson v. Brissey's Garage, Inc.*, 270 S.C. 58, 240 S.E.2d 810 (1978). The employer is estopped when the claimant is deceived; the deception occurs when the employee is lulled into a false sense of security. *Taglianetti v. Workmen's Compensation Appeal Board*, 63 Pa.Cmwlth. 456, 439 A.2d 844 (1981); *Ashcraft v. Hunter*, 268 Ark. 946, 597 S.W.2d 124 (App.1980).[3] But fraud should not be the

---

3. Chief Justice Thomas in his dissenting opinion relies upon *Turner v. Turner*, Wyo., 582 P.2d 600 (1978), for his conclusion that this court for all time committed itself to the proposition that the doctrine of equitable estoppel will arise only where action of the employer lulls the employee "into a false sense of security or causes him to believe he will be taken care of without filing a claim." Fraudulently misrepresenting to the employee that he is not covered by worker's compensation, knowing that to be false, for the purpose of causing him not to file a claim would not "lull" him into a false sense of security. And so it would seem that an employee can be "lulled" into a false sense of security only where the employer promises something, such as the payment of a sum of money in settlement or payment of his medical bills thus making it unnecessary for him to file a worker's compensation claim. The Chief Justice, here, is talking about the doctrine of promissory estoppel. 28 Am.Jur.2d Estoppel and Waiver § 48. See also, Anno., Promises to Settle or Perform as Estopping Reliance on Statute of Limitations, 44 A.L.R.3d 482, 488 (1972) wherein it is stated that:

"One of the broadest generalizations employed by the courts as a starting point is a statement to the effect that one cannot justly or equitably lull his adversary into a false sense of security * * *."

This is the starting point, not the end. In *Turner v. Turner*, supra, parties to the lawsuit were making offers and counter offers of settlement, dealing at arms length, when the statute of limitations expired. There was no firm settlement or promise to pay, and plaintiff was not lulled into believing the litigation was settled when the statute expired. *Turner v. Turner*, supra, dealt with offers/promises, not misrepresentations of fact.

In the instant case, no promises were made to the worker, no offers of settlement nor promise to pay her medical bills were made, and she could not be lulled into a false sense of security under these circumstances. She was simply given false information by her employer concerning her right to have her surgery covered by worker's compensation. To say that equitable estoppel will apply if her employer makes a false promise, but will not apply if he makes a false statement, is irrational. That is not the holding of *Turner v. Turner*, supra, which also stated:

" '[A]ctual fraud in the technical sense, bad faith or intent to mislead are not essential to the creation of an estoppel, but it is sufficient that the defendant made misrepresentations or so conducted himself that he misled a party, who acted thereon in good faith, to the extent that such party failed to commence the action within the statutory period * * *.' " At p. 602 (quoting from *In re Pieper's Estate*, 224 Cal.App.2d 670, 37 Cal.Rptr. 46 (1964)).

If we hold as the dissenting opinion suggests now, it would be only a matter of time until we would have before us a case in which an employer falsely and fraudulently misrepresented to an employee his rights under worker's compensation for the express purpose of inducing him not to file a claim within the period of limitation provided by the statute. Better that we lay that matter to rest now. The rule proposed by the dissent is not the majority rule, nor are the cases listed for that proposition the "better reasoned opinions."

Finally, it is stated that the cases cited in the opinion of the court "do not all stand for the propositions for which they are cited * * *." The cases referred to were not cited for their holdings, but are merely illustrative of the approach of various courts of the application of the doctrine of equitable estoppel to raising the bar of the statute of limitations in worker's compensation cases.

only basis for relief in worker's compensation cases. The limitation period is short—just one year. The injury resulting to the worker during the course of her employment is our concern. If she has a valid claim which is lost because of some action by the employer or the insurance provider (here the state of Wyoming) reasonably relied upon by the employee to her detriment, relief should be granted.

In *McKaskle v. Industrial Comm'n of Arizona*, 135 Ariz. 168, 659 P.2d 1313 (1982), the injured employee was told by the employer that he was not covered by worker's compensation because he was an independent contractor and not an employee. Later he learned that he was covered. The court stated:

> "The claimant may be equally harmed by his reasonable reliance on either 'positive' or 'negative' assertions. Nor are we persuaded that a characterization of coverage or compensability as a 'question of law' renders the principle of estoppel inapplicable." Id. 659 P.2d at 1317–1318.

In *Levo v. General-Shea-Morrison*, supra, the court stated:

> "The doctrine of equitable estoppel is a flexible one, founded in equity and good conscience; its object is to prevent a party from taking an unconscionable advantage of his own wrong while asserting his strict legal rights. Seemingly the only strict legal right that we are asked to adhere to is the statute which was passed solely for the benefit of the employer and the insurance carrier, i.e., the Statute of Limitations.

> \* \* \* \* \* \*

> "It is contended that there is involved a question of law as opposed to a question of fact and that the claimant is as responsible for knowing the law regarding the situation as were the insurance company, the employer, the industrial accident board and those others involved. However, even if we were to ascribe to the contention that it is solely a question of law, it would be a very narrow construction of the statutes regarding Work-

men's Compensation if this court were to say that a claimant should find it his duty to examine all the technicalities concerning the Workmen's Compensation Act and come to a right conclusion while the employer and the insurance carrier, whose responsibilities are far greater, should be excused because of their misinterpretation of the Act itself, which misinterpretation the employer in turn foisted off upon the claimant." 280 P.2d at 1090.

The State here contends that estoppel is not warranted because the bad advice was merely an honest mistake and cites Larson for the proposition,

> "[i]f the employer's bad advice was the result of an honest mistake due to the uncertain state of the law at the time, estoppel is not warranted." 3 Larson, The Law of Workmen's Compensation § 78.45.

The basis for that statement is a California case which held that the city's advice was reasonable when given "due to the uncertain state of the law" at that time. *City of Los Angeles v. Industrial Accident Commission*, 63 Cal.2d 255, 46 Cal.Rptr. 105, 404 P.2d 809 (1965). In the instant case, the state of the law is not uncertain. The worker here was covered by worker's compensation. That is not disputed. And had she, contrary to the advice of her employer, filed a claim, it would have been paid.

The State also contends that even if estoppel should be applied to the town of Saratoga,

> " \* \* \* it would not be appropriate as to the Appellee State of Wyoming, as the Appellee State of Wyoming not only administers and defends the Town of Saratoga's industrial accident account, but also all the monies in the worker's compensation fund."

Section 27–12–608, W.S.1977, provides:

> "The director or his designee may for any reason appear in the district court and defend against any claim and *shall in all respects have the same rights of defense as the employer.* Failure to con-

test a claim does not constitute waiver by the director of his right to reopen an award where he does not appear and defend at the original trial." (Emphasis added.)

The purpose of this statute is to establish the rights of the State "as broad as the right of the employer and employee, so as to give the state full measure of protection." *Wyoming State Treasurer, ex rel. Worker's Compensation Div. v. Svoboda,* Wyo., 573 P.2d 417, 420 (1978), quoting *Marsh v. Aljoe,* 41 Wyo. 220, 227, 284 P. 260 (1930). Although the worker's compensation division of the state of Wyoming is granted rights as broad as those of the employer, there is nothing in the statute which confers greater rights or would permit the State to assert defenses not available to the employer.

■ Appellant had a valid, meritorious claim that was not filed because of reliance upon her employer's representation that she was not covered by worker's compensation. We hold that the employer's misleading statements, although unintentional, were sufficient to constitute estoppel and prevent the employer and the state of Wyoming from invoking the statute of limitations as a defense. This case is, therefore, reversed and remanded for further proceedings consistent with this opinion.

THOMAS, Chief Justice, dissenting.

I must dissent from the decision of the majority of the court in this instance. In *Turner v. Turner,* Wyo., 582 P.2d 600 (1978), this court dealt with the question of estoppel to assert the bar of the statute of limitations. That case did not involve a claim for worker's compensation, but my examination of the law in this area does not disclose any distinction between worker's compensation cases and other cases with respect to the application of equitable estoppel.

It appears that Ann White's role at the time that she spoke with the appellant may have been equivocal. Even assuming that she was acting as an agent of the Town of Saratoga, the strongest interpretation that can be given to the stipulated information is that she stated there was no coverage. I am satisfied that the better reasoned opinions, which I believe represent a majority rule, dealing with the denial of coverage or liability hold that the employer is not estopped from asserting the defense of the statute of limitations. *Lee v. Kimberly-Clark Corporation,* Ala.Civ.App., 418 So.2d 164 (1982); *Joyce v. Paul Hayes Amoco Service Station,* 161 Ga.App. 373, 288 S.E.2d 266 (1982); *Miller v. Olinkraft, Inc.,* La.App., 395 So.2d 902 (1981); *Drane v. City of New Orleans,* La.App., 328 So.2d 752 (1976); *Kohlbeck v. City of Omaha,* 211 Neb. 372, 318 N.W.2d 742 (1982); *Kushner v. Strick Trailer Co.,* 10 Pa. Cmwlth. 518, 312 A.2d 471 (1973); and *Trzoniec v. General Controls Co.,* 100 R.I. 448, 216 A.2d 886 (1966). These cases distinguish between the denial of liability and conduct which lulls the employee into a false sense of security or causes him to believe he will be taken care of without filing a claim.

With respect to the authorities relied upon by the majority opinion, my reading of several of those cases persuades me that a strict application of the concept of ratio decidendi results in a conclusion that they do not all stand for the propositions for which they are cited, although there is broad language included which could lead one to the interpretation placed upon them by the majority. In *Taglianetti v. Workmen's Compensation Appeal Board,* 63 Pa.Cmwlth. 456, 439 A.2d 844 (1981), for example, the court held that estoppel did not prevent the assertion of the statute, because while the employee was confused, the employee was not lulled by the employer's conduct.

The decisions in those cases which have limited estoppel to instances in which the employee was lulled in such a way that the claim was not asserted, but do not permit estoppel where the employee was informed that there was no coverage, are consistent with what we said in *Turner v. Turner,* supra. The statement by White that there was no worker's compensation coverage would not be conduct which would justify

an estoppel against the town to raise the statute of limitations.

For these reasons I would affirm the judgment of the trial court.

ROONEY, Justice, dissenting.

The majority opinion correctly accepts the fact that the statute of limitations, without more, would bar appellant's claim. The legislature has so provided:

"(a) No order or award for compensation involving an injury which is the result of a single brief occurrence rather than occurring over a substantial period of time, shall be made unless in addition to the reports of the injury, an application or claim for award is filed with the clerk of court in the county in which the injury occurred, within one (1) year after the day on which the injury occurred * * *." Section 27–12–503(a), W.S.1977.

Appellant recognized that she had suffered a compensable injury on December 14, 1981. The claim was not filed until April, 1983. See *Baldwin v. Scullion,* 50 Wyo. 508, 62 P.2d 531, 108 A.L.R. 304 (1936); *Bemis v. Texaco,* Wyo., 401 P.2d 708 (1965). The statutory time limit in which to file a claim had expired.

Nor does appellant's situation afford to her the exception to the limitation period provided by the legislature:

"If an injured employee is mentally incompetent or a minor, or where death results from the injury if any of his dependents are mentally incompetent or minors, at the time when any right or privilege accrues under this act [§§ 27–12–101 through 27–12–804], no limitation of time provided for in this act shall run so long as the incompetent or minor has no guardian." Section 27–12–505, W.S. 1977.

Nonetheless, the majority opinion finds an exception to the statute of limitations in a waiver by the employer or an estoppel through the acts of the employer. With this, I disagree.

In the first place, I question the assumption that the employer was involved in any

waiver or estoppel. Appellant does not contend for any fraudulent or intentionally deceptive action on the part of the employer. In her brief, appellant states, " * * * we do not contend the Employee was deceived any more than negligently by Ann White * * *." Ann White was a Nurse Practitioner in the office of Dr. John Lunt, M.D., in Saratoga. Carbon County maintains an airplane ambulance for flights from Carbon County to Laramie, Denver, etc. Ann White and appellant worked part time on the ambulance EMT crew. Ann White was the supervisor of the crew. About thirty days before appellant suffered a ruptured eardrum on a flight of the airplane ambulance, the Town of Saratoga had taken over the operation of the airplane ambulance from the county. The day after her injury, appellant sought medical attention from Dr. Lunt, where she was treated by Ann White. It was Ann White's statement that she did not believe worker's compensation coverage existed for the injury because of the part-time nature of the employment which is the basis for the claimed estoppel or waiver against the Town of Saratoga.

Was Ann White speaking as a nurse for Dr. Lunt? Or was she speaking as a part-time employee supervisor of the EMT unit on Saratoga's airplane ambulance? And, if the latter, *did she have authority to waive the statute of limitations on behalf of Saratoga* or to act or speak on behalf of Saratoga in this matter so as to estop Saratoga from application of the statute of limitations? It is difficult to treat Ann White's advice, given in the doctor's office while treating appellant on behalf of the doctor, as being given on behalf of the Town of Saratoga under these circumstances.

" * * * The doctrine of implied agency or ostensible authority applied to private parties or corporations is limited very much, so far as municipal corporations are concerned * * *." *S. Goldberg & Co. v. City of Cedar Rapids,* 200 Iowa 139, 204 N.W. 216 (1925).

The Iowa court pointed out that the extent of authority is a matter of record in statutes and ordinances for municipal matters and not known only to the principal and agent as is the case with private parties.

The only reasonable appraisal of the situation is that appellant could not have relied on Ann White's comments as those of the town. She should be charged with knowledge contained in the placard which is required to be posted by every employer, and which she is taken to have read. It notified her of the necessity of filing a timely claim. She should not be allowed to rely on advice received from another part-time employee, albeit a supervisor of a limited and special activity who was probably acting as a nurse for an attending physician at the time, for a waiver of the statute of limitations by the employer or to establish an estoppel against the employer to assert such statute.

Inasmuch as the privilege of the statute of limitations is personal, a waiver, in this instance, can only be by the Town of Saratoga or someone empowered to act for it. *Stryker v. Rasch*, 57 Wyo. 34, 112 P.2d 570, 136 A.L.R. 770, reh. denied 113 P.2d 963 (1941). The power to act for a municipality in most respects is statutorily given to the governing body of the municipality. Section 15–1–103, W.S.1977. See §§ 15–2–201 and 15–2–202, W.S.1977, re restrictions on acceptance of claims by governing bodies of towns.

Finally, the advice given by Ann White pertained to a matter of law.

"The well-recognized rule is that a representation as to a matter of law will not ordinarily support an action for fraud or deceit, nor constitute an estoppel to rely upon the statute of limitations, the reason for the rule being that representations as to matters of law are ordinarily considered as expressions of opinion, and justifiable reliance cannot be had upon the mere opinion of another. * * * *" 51 Am.Jur.2d Limitations of Actions § 451, p. 913 (1970).

I would affirm.