Richard T. MITCHELL, Appellant (Employee–Claimant),

v.

STATE of Wyoming RECREATION COMMISSION SNOWMOBILE TRAILS, Appellee (Employer–Respondent),

and

State of Wyoming, ex rel., Wyoming Worker's Compensation Division, Appellee (Objector–Defendant).

No. 97–85.

Supreme Court of Wyoming.

Dec. 4, 1998.

Keith M. Gingery of Western Law Associates, Lander, WY, Appellant.

Gerald W. Laska, Senior Assistant Attorney General, and Bernard P. Haggerty, Assistant Attorney General, for Appellee Worker's Compensation Division.

Michael D. Basom, Assistant Attorney General, for Appellee State Recreation Commission.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

LEHMAN, Chief Justice.

Appellant Richard T. Mitchell (Mitchell) appeals the district court's order affirming a hearing officer's determination that his claim for worker's compensation benefits was barred by the applicable statute of limitations and that neither the employer nor the Wyoming Worker's Compensation Division (Division) was estopped from raising the statute of limitations as a defense.

We affirm.

### ISSUES

Mitchell poses these issues:

I. Does the statute of limitations under W.S. § 27–14–503(a), of one year, begin to run at the time of the accident or when the employee discovers the full extent and nature and seriousness of the injury and the injury is correctly diagnosed?

II. The employer should be estopped from raising the statute of limitations defense under W.S. § 27–14–503 as a matter of law, due to the employer's failure to timely file the statutorily required "report of injury" which, procedurally, would have resulted in the clerk of the district court putting the employee on written notice of his rights and responsibilities; and to the

---

* Chief Justice at time of expedited case conference; retired November 2, 1998.

extent the employer is estopped from raising the statute of limitations defense in this particular case, the worker's compensation division as an agent of this employer, when objecting to the employee's claim, should also be estopped from raising the statute of limitations defense under W.S. § 27–14–503.

In response, the Division provides this abstract of the issues:

> A. Was the hearing examiner's denial of benefits based on the statute of limitations supported by substantial evidence and in accordance with law?

### FACTS

Mitchell worked as a part-time, seasonal employee of the State of Wyoming, Department of Commerce, Snowmobile Trails Project in Lander during the winters of 1993 and 1994. In December 1993, Mitchell slipped and fell on a patch of ice as he attempted to move a single-axle snowmobile trailer with two snowmobiles on it. Mitchell's supervisor witnessed the incident; however, an injury report was not completed at that time, either by Mitchell or his employer. Mitchell continued to work for another half hour and then went home because his "back muscles had started to kind of seize up." He did not work for the next couple of days. About a week later, Mitchell visited Dr. Vince Irene, a chiropractor, for an examination and spinal manipulation treatments. Mitchell continued to see Dr. Irene periodically over the next eighteen months "as needed." He did not submit worker's compensation claims for the visits to Dr. Irene. In the summer of 1995, Mitchell began to experience more intense pain and numbness in his left leg; and, in September 1995, Dr. Irene referred Mitchell to a specialist in Salt Lake City. On September 27, 1995, Mitchell underwent surgery for a herniated disc and removal of a fragment of disk material which had lodged next to his spine.

Mitchell first filed an injury report on November 3, 1995, and an employer's report was also completed. The report indicated that the accident had occurred in December 1993. The Division denied Mitchell's claim for benefits because it was not filed within the limitations period set out in W.S. 27–14–503(a). After a contested case hearing, the hearing examiner agreed that Mitchell's claim was barred by the statute of limitations. The hearing examiner also ruled that neither the Division nor the employer was estopped from raising the statute of limitations as a defense by the employer's late filing of the accident report. The district court affirmed the hearing officer's determination, finding it was supported by substantial evidence. Mitchell timely appeals.

### STANDARD OF REVIEW

W.R.A.P. 12.09 provides for judicial review of agency action according to W.S. 16–3–114(c) (1997), which states that the reviewing court shall:

> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> * * *
>
> (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

When reviewing an administrative agency action, we review the action as if it came directly from the agency, according no special deference to the district court's decision. *Fritz v. State, ex rel. Workers' Safety & Compensation Div.*, 937 P.2d 1345, 1348 (Wyo.1997). An agency's factual findings are viewed with deference:

> We examine the entire record to determine if there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency, and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of the agency. It is more than a scintilla of evidence.

*Aanenson v. State ex rel. Worker's Compensation Div.*, 842 P.2d 1077, 1079 (Wyo.1992) (quoting *Hohnholt v. Basin Elec. Power Co-*

*op*, 784 P.2d 233, 234 (Wyo.1989)). An agency's conclusions of law will be affirmed only if they are in accordance with law. *Id.* Where the determination to be reviewed is a mixed question of law and fact, the reviewing court will defer to the agency's findings of basic fact, but will correct misapplication of the law to those facts. *Id.* at 1079–80.

The historical actions and inactions of Mitchell, as determined by the hearing examiner, are basic facts and are given due deference. *Id.* at 1080. We will affirm the hearing examiner's decision that W.S. 27–14–503, when applied to the basic facts, bars Mitchell's claim only if it is in accordance with law. *Id.*

### DISCUSSION

▮ The worker's compensation statute of limitations in effect at the time of the injury provided:

> (a) A payment for benefits involving an injury which is the result of a single brief occurrence rather than occurring over a substantial period of time shall not be made unless in addition to the proper and timely filing of the reports of the accident, an application or claim for benefits is filed within one (1) year after the date the accident occurred or for injuries not readily apparent, within one (1) year after discovery of the injury by the employee. The report of accident is not a claim for benefits. * * *.

W.S. 27–14–503(a) (1991). The term "injury" as used in the worker's compensation statutes means "compensable injury." *Big Horn Coal Co. v. Wartensleben*, 502 P.2d 187, 188 (Wyo.1972); *Aanenson*, 842 P.2d at 1080. We have consistently held that when a correct diagnosis or prognosis of present or likely future disability is communicated to the claimant, the injury is discovered, it is compensable, and the statute of limitations begins to run. *City of Casper v. Haines*, 886 P.2d 585, 589 (Wyo.1994), citing *Aanenson*, 842 P.2d at 1081–83 (discussing this court's decisions regarding compensable injury). "[W]hen determining the time a particular injury became compensable, it should be asked: When would a reasonable person, under the circumstances, have understood the full extent and nature of the injury and that the injury was related to his or her employment?" *Aanenson*, 842 P.2d at 1082.

▮ Mitchell filed the injury report and a claim for benefits in November 1995. He asserts that his injury was not readily apparent, and thus not compensable, until a MRI was done in September 1995. We find substantial evidence in the record to support the hearing examiner's determination that Mitchell knew he had suffered a compensable injury in December of 1993. In *Big Horn Coal Co. v. Wartensleben*, 502 P.2d at 188, this court distinguished between a trivial injury and a compensable injury:

> [W]here an employee in the course of his employment sustains an apparent *trivial injury* which does not result in present disability and which would not reasonably be expected to cause future disability, but which injury in fact over a period of latency does cause future disability, the time for giving notice of the occurrence of the injury to the employer runs from the time when it becomes apparent that such injury has resulted in, or is likely to cause, compensable disability.

In *Big Horn*, the claimant was driving a scraper when he began to suffer muscle spasms in his back. A doctor told claimant the only thing wrong was nerves and treated the injury with muscle relaxants. At that time, the claimant did not realize what had caused his back trouble and did not relate the trouble to his job. Later, after having his back x-rayed, claimant was informed he had a more serious injury. We held the claimant had not suffered a compensable injury until he was informed of the more serious injury. *Big Horn*, 502 P.2d at 188.

In contrast, Mitchell's injury was immediately apparent to him when he fell at work. Within thirty minutes of the fall, his back muscles started to seize up, he left work early as a result, and he did not come to work for the next couple of days. Although Mitchell first believed he had pinched or strained a muscle, the pain never really subsided and, after about a week, he sought chiropractic medical attention from Dr. Irene. According to Mitchell, Dr. Irene told him the problem was more than "just mus-

cle" and that he suffered a disk misalignment problem. A reasonable person would realize the serious nature of his injury when informed of a misaligned disk. Further, Mitchell experienced continuing back pain, and he continued to see Dr. Irene over the next eighteen months, whenever he "felt too uncomfortable to continue doing whatever [he] was doing." Mitchell testified that he worked in the Snowmobile Trails Program again in the winter of 1994, and he agreed to obtain help with heavy lifting because of his ongoing back problems. These facts would have caused a reasonable person to discover he had suffered a compensable injury in December 1993, when the fall occurred.

Mitchell argues, in the alternative, that the employer and the Division should be estopped from asserting the statute of limitations as a defense because the employer did not comply with the reporting requirements in W.S. 27–14–506(a) and failed to respond to his requests for information about worker's compensation coverage. As we pointed out in *Bauer v. State ex rel. Worker's Compensation Div.*, 695 P.2d 1048 (Wyo.1985), the statute of limitations contains no provision for tolling because of excusable neglect or to relieve hardship in particular circumstances. 695 P.2d at 1050. Thus, the statute of limitations is a bar to Mitchell's claim unless the doctrine of equitable estoppel prevents the employer or the Division from raising the statute of limitations as a defense. *See id.*

In *Bauer*, we enumerated several circumstances in which the doctrine may apply, including actual or legal fraud, or a reasonable reliance on incorrect information provided by the employer. *Id.* at 1051–52. We decline to extend the holding of *Bauer* to the facts of this case. There is no evidence of fraud here, nor did the employer provide incorrect information to Mitchell concerning coverage under the worker's compensation statutes. Wyoming Statute 27–14–506 penalizes employers who fail to timely file an injury report; but failure to comply with the statute, in and of itself, does not rise to the level of fraud or misrepresentation necessary to invoke equitable estoppel. Mitchell testified that his supervisor did not respond to his requests for information about worker's com-

pensation coverage and that he ultimately had to contact the Division for the proper forms. However, Mitchell admitted that he did not ask his supervisor for information until June or July of 1995, well after the statute of limitations had expired. The hearing examiner correctly determined that the employer is not estopped from raising the statute of limitations as a defense to Mitchell's claim.

The district court's order affirming the hearing examiner's decision is affirmed.